[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11837
Non-Argument Calendar

_____

D. C. Docket No. 92-00076-CR-006-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MARTIN,
a.k.a Tank,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 6, 2006)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant James Henry Lee Martin, III, appeals his 229-month[1] sentence imposed in 1996 for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and for using and/or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Martin failed to directly appeal his sentence but, pursuant to a 28 U.S.C. § 2255 motion, the district court granted Martin permission to file an out-of-time appeal based on the procedures set forth in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).[2] On appeal, Martin argues that the district court imposed its original sentence in violation of 18 U.S.C. § 3553(c)(1) by failing to articulate its reasons for sentencing within the guideline range. Martin also argues that, when the district court originally sentenced him, it erred pursuant to *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) in

---

[1] Martin was originally sentenced in 1994 but, upon a Fed.R.Crim.P. 35(b) motion submitted by the government, Martin's sentence was later reduced, in 1996, from 276 months imprisonment to a total of 229 months' imprisonment.

[2] Pursuant to *Phillips*, the district court must follow the following procedure when granting an out-of-time appeal as a remedy under 28 U.S.C. § 2255:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that reimposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

*Phillips*, 225 F.3d at 1201.

2

believing that the guidelines were mandatory.

## I.  18 U.S.C. § 3553(c)(1) requirement

Martin first argues that his sentence must be vacated because the district court failed to satisfy the requirement of 18 U.S.C. § 3553(c)(1), which requires district courts to state reasons for the selection of the particular sentence imposed. At the 1994 sentencing, the court simply stated that the sentence was made "in the court's best judgment."  At the last sentencing, the court failed to make any remarks, factual findings or other comments on the "totality of [his] circumstances," such as criminal background, the particular facts of the case or any other explanation as to why Martin was sentenced at the high end of the guideline range.  In any event, because the district  court was instructed to resentence him to the same sentence, any statement of reasons set forth at the resentencing would have been irrelevant.

The question of whether a court's conduct at sentencing violated 18 U.S.C. § 3553(c)(1) is reviewed *de novo*, even absent an objection by the defendant.  *See United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir.2006) (rejecting the government's argument that plain error review should apply and holding that a review of whether § 3553(c)(1) was violated focuses exclusively on the "sufficiency of the court's conduct at sentencing, not that of the defendant").

Pursuant to 18 U.S.C. § 3553(c)(1), a district court is required to state, in open court, the reason for its particular sentence, and if the sentence "is of the kind, and within the range [recommended by the guidelines,] and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1). Martin's guideline range of 188 to 235 months spans 47 months, making § 3553(c)(1) applicable to his sentence.

Recently, we explained in a post-*Booker* case that, as it held pre-*Booker*, "'a sentencing court should – when stating its reasons for imposing a particular sentence as required by § 3553(c) – tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a).'" *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006) (*citing United States v. Parrado*, 911 F.2d 1567, 1572 (11th Cir.1990)). We explained that "both before and after *Booker*, we have disapproved the imposition of sentences with no consideration or mention of the § 3553(a) factors." *Bonilla*, 463 F.3d at 1181 (*citing Williams*, 438 F.3d at 1274) (vacating and remanding sentence for compliance with § 3553(c)(1), based on district court's failure to provide any reason for life sentence); *United States v. Veteto*, 920 F.2d 823, 824, 826-27 (11th Cir. 1991) (remanding for compliance with § 3553(c)(1) because the trial court explained its sentence with the "truism" that the chosen punishment "seem[ed]

4

right"). We explained, however, that:

> the requirement of § 3553(c)(1) 'does not mean that a sentencing court must incant the specific language used in the guidelines which applies to each reason given, nor does it mean that a court must state that a particular factor is not applicable in a particular case. . . . Indeed, *nothing* in this Circuit's precedent or *Booker* requires the district court, in its explanation of sentence under § 3553(c)(1), to articulate its consideration of each individual § 3553(a) factor, particularly where . . . it is *obvious* the court considered many of the § 3553(a) factors.

*Bonilla*, 463 F.3d at 1182 (emphasis in original) (internal citation and quotations omitted).

The § 3553(a) factors to be considered by the district court include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005); 18 U.S.C. § 3553(a).

Applying the principles from *Bonilla*, we conclude that the district court

5

complied with § 3553(c)(1) and a review of the record shows that the district court considered the § 3553(a) factors, including the circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to protect the public, and the types of sentences available in relation to Martin's federal and state convictions. The district court stated more than Martin's sentence "seems right." Thus, the district court met the § 3553(c)(1) requirements as its comments show that the sentence was tailored in consideration of several of the § 3553(a) factors.

## II. Booker statutory error

Martin argues that the district court sentenced him in violation of *Booker* because the district court believed that the guidelines were mandatory. Martin concedes that no Sixth Amendment objection was made below with respect to the guidelines and that this court will review his *Booker* claim for plain error. Martin argues that he meets the first two prongs of the plain error test because his sentence was established at a time when the application of the guidelines was clearly mandatory and his case is on direct appeal for the first time. Martin concedes that the original sentencing hearing record from 1994 was not sufficient to meet the third prong, a showing that, but for the error, Martin would have received a different sentence. However, Martin argues that the district court on remand in

6

2005 had continued the first resentencing hearing to give him time to review the record and present additional arguments, which shows that, at the very least, the district court was interested in determining if the original sentence was actually in "the Court's best judgment." The district court's actions created a "colorful claim that, had the guidelines not been mandatory, the sentencing judge would have sentenced [him] to a lower sentence."

As an initial matter, there are two types of *Booker* errors: (1) Sixth Amendment error based upon sentencing enhancements, imposed in a mandatory system and neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt (constitutional error); and (2) error based upon sentencing under a mandatory guidelines system (non-constitutional, or statutory, error). *United States v. Shelton*, 400 F.3d 1325, 1329-31 (11th Cir. 2005).

Martin made no constitutional Sixth Amendment objection because, as he concedes, he did not generally object on Sixth Amendment principles that the jury, rather than a judge, should make all pertinent findings. Additionally, it is unclear whether he properly raised a *Booker* statutory objection at the reimposition hearing because, at first, his counsel stated "a general *Booker* objection insofar as the court when sentencing Mr. Martin back in 1994 believe[d] that the guidelines were mandatory," but then stated that:

7

I know Mr. Martin wants to address the court, but I want the court to understand and Mr. Martin to understand that we are here on a very limited purpose this morning, as it's simply to reimpose the same sentence.

Furthermore, to the extent that Martin raised a *Booker* statutory objection, since we have explicitly held that a district court is directed to only reimpose a defendant's sentence and not address the merits of a defendant's case, we are only required to address the objections and sentence set forth at Martin's original sentencing hearing. *See United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005).

Thus, as agreed to by Martin, his *Booker* statutory claim should be reviewed for plain error since "[a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.), *cert. denied*, 125 S. Ct. 2935 (2005) (quotations and internal marks omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations and internal marks omitted).

We have recognized that *Booker* errors satisfy prongs (1) and (2) of the plain error test. *See Rodriguez*, 398 F.3d at 1298-99. However, to satisfy the third prong of the plain error test, a defendant must show that the error actually made a

8

difference. *Id.* at 1300. "[I]n applying the third prong, we ask whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge." *Id.* at 1301; *see also United States v. Curtis*, 400 F.3d 1334, 1336 (11th Cir. 2005) (holding that the defendant was not entitled to plain-error *Booker* relief because there was nothing in the record to suggest the district court would have imposed a lower sentence under an advisory guideline system, especially in light of the fact the court already had sentenced him at the top of the guideline range).

After reviewing the record, we conclude that Martin has not shown a reasonable probability of a different result had the district court applied the guidelines in an advisory manner pursuant to *Booker*. Moreover, like the defendant in *Curtis*, Martin was sentenced to the maximum term of imprisonment permitted by the relevant guideline, an action which we have considered inconsistent with any suggestion that the sentencing judge might have imposed a lesser sentence if the judge had realized the guidelines were advisory. Additionally, Martin's reliance on the district court's continuation of the hearing to reimpose his sentence pursuant to *Phillips* as a sign of the district court's desire to impose a lower sentence is misplaced because Martin only offers speculation that the district court's actions meant that it would have sentenced him to a lower

9

sentence and the district court issued no statements of regret or concern as to the severity of Martin's sentence when it reimposed Martin's sentence at the high end of the guideline range.[3] Thus, because Martin cannot satisfy the third prong, he cannot establish plain error and we need not address the fourth prong.

For the above-stated reasons, we affirm Martin's sentence.

**AFFIRMED.**

---

[3] Additionally, we have explicitly held that a hearing is not required for the district court to reimpose a sentence pursuant to *Phillips* and that the district court is directed to only reimpose a defendant's sentence and not address the merits of a defendant's case. *Parrish*, 427 F.3d at1348 (holding that the district court did not err by resentencing the defendant without holding a hearing because under *Phillips* the district court was required to resentence the defendant to the same sentence originally imposed, and was not required to hold a resentencing hearing).