[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14757
Non-Argument Calendar

_____

D. C. Docket No. 95-00131-CR-01-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL O'NEAL GRAFTON,
a.k.a. Frye,
a.k.a. O'Neal,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 24, 2009)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Michael O'Neal Grafton, proceeding with counsel, appeals the district court's denial of his *pro se* motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2). Grafton argues that the district court abused its discretion and violated his right to procedural due process by denying his motion without holding a hearing and without the benefit of an updated presentence investigation report ("PSI"). Grafton also argues that the district court abused its discretion by not considering all of the factors in 18 U.S.C. § 3553(a) and placing too much weight on his post-sentencing conduct when it found that even though Grafton was eligible for a sentence reduction, his sentence would not be reduced.

## I. Standard of Review

"In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 965 (2009) (internal quotations omitted). "Once it is established that 18 U.S.C. § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion." *United States v. James*, 548 F.3d 983, 984 n.1 (11th Cir. 2008). However, where the issue presented involves a legal interpretation, review is *de novo*. *United States v. Pringle*, 350 F.3d 1172, 1178 (11th Cir. 2003). Furthermore, we consider questions of constitutional law

2

*de novo*.  *United States v. Brown*, 364 F.3d 1266, 1268 (11th Cir. 2004).

## II.  18 U.S.C. § 3582(c)(2)

Ordinarily, a district court cannot modify a term of imprisonment once imposed. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). "Under 18 U.S.C. § 3582(c)(2), [however,] a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  Here, it is undisputed that Grafton was eligible for a sentence reduction.

> Any sentencing reduction, however, must be consistent with applicable policy statements issued by the Sentencing Commission. The Sentencing Commission's policy statements direct that a defendant is not entitled to a full resentencing during § 3582(c)(2) proceedings.  The Commission's policy statement further provides that district courts are to determine the amended guideline range that would have been applicable to the defendant if the subsequently amended provision had been in effect at the time the defendant was originally sentenced.  This is achieved by substituting the amended provision for the corresponding guideline provision that was applied when the defendant was sentenced, while leaving all other guideline application decisions unaffected.  Thus, a district court may not reconsider any of its original sentencing determinations other than the provision subject to the amendment.

*United States v. Williams*, ___ F.3d ___, No. 08-11361 ___, (February 9, 2009) (citations, quotations, and alteration omitted).

3

When determining whether a reduction is warranted and to what extent to reduce the defendant's sentence if a reduction is warranted, the district court should consider multiple factors. *Id.* at ___ (citing U.S.S.G. § 1B1.10, comment. (n.1(B)). The court must consider the statutory factors listed in § 3553(a) and the public safety. The court may also consider the defendant's post-sentencing conduct. *Id.*

## III. Lack of a Hearing

Federal Rule of Criminal Procedure 43, which governs when the defendant must be present at criminal proceedings, states that "[u]nless this rule . . . provides otherwise, the defendant must be present at . . . sentencing." Fed.R.Crim.P. 43(a)(3). However, Rule 43 provides an exception for proceedings involving the reduction of a sentence under 18 U.S.C. § 3582(c). Fed.R.Crim.P. 43(b)(4).

"Under the Due Process Clause, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005) (quotation omitted). We have stated that "other circuits have noted that the right to be present under the Due Process Clause is narrower than the right to be present under Rule 43." *Id.*

Because Grafton did not have an absolute right to a hearing before the district court decided his § 3582(c)(2) motion and there was no factual dispute in the pleadings before the court, we conclude that the district court did not abuse its discretion or violate Grafton's right to procedural due process by denying the motion without a hearing or the benefit of a new PSI.

## IV.    District Court's Explanation

"[A] district court commits no reversible error by failing to articulate specifically the applicability – if any – of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997).

Here, we conclude from the record that the district court did not abuse its discretion when it relied on Grafton's post-sentencing conduct to deny his motion because it considered all of the relevant factors and adequately explained its decision.

## V.    Conclusion

For the aforementioned reasons, we affirm the district court's denial of Grafton's § 3582(c)(2) motion.

**AFFIRMED.**

5