[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 28, 2005
THOMAS K. KAHN
CLERK

No. 05-10940
Non-Argument Calendar

_____

D. C. Docket No. 95-00004-CR-01-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN FRED PARRISH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 28, 2005)

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

John Fred Parrish appeals his eight-year sentence, summarily reimposed

pursuant to *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), after the district court revoked his probation.

BACKGROUND

Parrish was convicted on November 30, 1987, for two counts of mail fraud and one count of conducting an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1341, 1962(c), and 1963, as charged in a three-count indictment. He was sentenced to 20 years' imprisonment as to Count 3 of the indictment. The court suspended the sentences for Counts 1 and 2 and placed Parrish on probation for 5 years, which was to begin upon his release from custody and expiration of his parole term. In addition, the court ordered Parrish to pay $4,400,000 in restitution. On October 5, 1990, the court ordered that the sentence as to Count 3 be reduced from 20 years to 12 years. Parrish was paroled on October 20, 1993.

On June 19, 2003, the probation officer in the Southern District of Georgia supervising Parrish filed a Petition to Revoke Probation. The probation officer alleged that Parrish had committed two violations of his probation conditions: (1) Parrish had violated "Condition No. 1," which prohibited him from violating any law, by failing to submit truthful reports and financial statements to the probation officer, in violation of 18 U.S.C. § 1001; and (2) Parrish violated

2

"Condition No. 12," which required him to follow the lawful orders of his probation officer, by refusing to submit certain financial records requested by his probation officer.

After hearing evidence at the probation revocation hearing, the district court concluded that Parrish had violated "condition number one" and "condition number twelve" of his probation. Accordingly, the court sentenced him to four years' imprisonment as to "count one" and "count two," to be served consecutively, for a total term of eight years' imprisonment.

Parrish did not object to the manner in which the sentence was imposed. He did not file a notice of appeal of his sentence, but subsequently attacked his sentence by filing a motion under 28 U.S.C. § 2255. The government conceded that Parrish was probably entitled to an out-of-time direct appeal, and the district court, pursuant to *Phillips*, granted Parrish's § 2255 motion, vacated its previous revocation order, and summarily entered a new judgment reflecting the same sentence previously imposed, outside of Parrish's presence. Parrish appeals this summarily reimposed sentence.

## STANDARD OF REVIEW

We review for harmless error claims that a defendant was entitled to be present at various stages of a criminal proceeding, arising under Federal Rule of

3

Criminal Procedure 43(a). *See United States v. Dominguez*, 615 F.2d 1093, 1096 n.4 (5th Cir. 1980);[1] *see also* Fed. R. Crim. P. 52(a).

We review pre-Guidelines probation revocation decisions for abuse of discretion. *United States v. Taylor*, 931 F.2d 842, 845 (11th Cir. 1991). However, we review for plain error those issues to which the defendant did not make timely objections in the district court. *United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776 (1993); *see also* Fed. R. Crim. P. 52(b).

## DISCUSSION

### I. Right to be Present at Sentencing

On appeal, Parrish first maintains that the district court violated his constitutional right to be present and advised of his rights when the court re-sentenced him without a hearing after he had expressly stated that he would not waive his presence at re-sentencing. Parrish contends that the Federal Rules of Criminal Procedure indicate that a defendant's presence is mandatory at sentencing, except for sentencing decisions involving corrections or reductions of sentence under Federal Rule of Criminal Procedure 35 or 18 U.S.C. § 3582(c). *See* Fed. R. Crim. P. 43(b)(4). Citing *Johnson v. United States*, 619 F.2d 366 (5th Cir.

---

[1]In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1980), Parrish contends that we have held that a defendant's right to be present at sentencing extends to the imposition of a new sentencing package after an original sentence is vacated and the case is remanded for re-sentencing. He claims, therefore, that the district court's conclusion that no hearing was required violated his Fifth and Sixth Amendment rights. Moreover, Parrish asserts, because of the magnitude of the constitutional violation, he need not show prejudice.

We have determined that "[w]hen the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i) [of the Federal Rules of Appellate Procedure]." *Phillips*, 225 F.3d at 1201.

Under Federal Rule of Criminal Procedure 43(a)(3), "the defendant must be present at . . . sentencing," but need not be present at proceedings involving "the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Fed. R.

5

Crim. P. 43(a)(3), (b)(4). We have noted that the right to be present at one's sentencing "does not translate into a right to be present whenever judicial action modifying a sentence is taken." *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991) (defendant's presence not required when a court corrects an illegal sentence, pursuant to Fed. R .Crim. P. 35); *see also United States v. Portillo*, 363 F.3d 1161, 1166 (11th Cir.), *cert. denied*, 125 S. Ct. 448 (2004) (defendant's presence not required when a court corrects a clerical error in a sentence pursuant to Fed. R. Crim. P. 36). The rationale for requiring a defendant to be present at sentencing is "to ensure that at sentencing – a critical stage of the proceedings against the accused – the defendant has an opportunity to challenge the accuracy of information the sentencing judge may rely on, to argue about its reliability and the weight the information should be given, and to present any evidence in mitigation he may have." *Jackson*, 923 F.2d at 1496.

In addition to the protections afforded by Federal Rule of Criminal Procedure 43(a), a defendant has a due process right to be present during certain proceedings. Under the Due Process Clause, "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *United States v. Novaton*, 271 F.3d 968, 998 (11th Cir. 2001). Although we have not explicitly

6

decided the comparative scopes of Rule 43 and Due Process protections, other circuits have noted that the right to be present under the Due Process Clause is narrower than the right to be present under Rule 43. *United States v. Boyd*, 131 F.3d 951, 953 n.3 (11th Cir. 1997) (observing that "[o]ther circuit courts of appeals have concluded that Rule 43's protections are broader than those afforded . . .by due process, and thus if the rule does not require a defendant's presence at a given proceeding, neither does the Constitution," but declining to decide the extent of the overlap).

In the instant case, the district court did not err by re-sentencing Parrish without holding a hearing. Under *Phillips*, the district court was required to re-sentence Parrish to the same sentence originally imposed, and was not required to hold a re-sentencing hearing. *See Phillips*, 225 F.3d at 1201. The district court properly followed the procedure detailed in *Phillips* by vacating the original sentence, imposing the exact same sentence, and advising Parrish of the rights and time limitations associated with the appeal. Accordingly, the district court did not violate Parrish's rights under Federal Rule of Criminal Procedure 43(a) or under the Due Process Clause.

## II.    Sentence Imposed Upon Probation Revocation

Parrish also argues that the district court erroneously based its revocation of

7

his probation and its sentence upon the belief that the commuted sentence, originally imposed after his guilty plea to the Count 3 of the indictment, could be revived and revoked, to form the basis for an eight-year prison sentence. He contends that this was error, under 18 U.S.C. § 3653, because the only sentence that could be revoked was the suspended sentence imposed for Counts 1 and 2 of the indictment. He asserts that the district court misconstrued the statute to conclude that the amount of his sentence for Count 3 that had been commuted was, under § 3653, the sentence "that might originally have been imposed," and, accordingly, sentenced him to eight years' imprisonment. The district court's reference to "counts" in its oral pronouncement, he alleges, referred not to Counts 1 and 2 of his original indictment, but to the two counts of probation violation alleged in the petition to revoke his probation.

Because Parrish did not challenge the manner in which the district court imposed his sentence at his probation revocation hearing, we review his claim for plain error. To prevail under a plain error standard, Parrish must prove that (1) there is an error; (2) that is plain; and (3) that affects substantial rights. *Olano*, 507 U.S. at 732, 113 S. Ct. at 1776. If Parrish proves these elements, we may notice the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736, 113 S. Ct. at 1776.

8

A district court may require a defendant whose pre-Guidelines probation has been revoked "to serve the sentence imposed, or any lesser sentence, and if imposition of sentence is suspended, may impose any sentence which might originally have been imposed."  18 U.S.C. § 3653.  The text of the statute gives the district court broad discretion to reinstate a sentence within the range of the original suspended sentence.  *See United States v. Rice*, 671 F.2d 455, 460 (11th Cir. 1982), *superceded by rule on other grounds as stated in United States v. Orozco*, 160 F.3d 1309 (11th Cir. 1998).  Because the sentence "which might have been imposed" could include consecutive sentences for separate offenses, *see United States v. Lach*, 874 F.2d 1543, 1549-50 (11th Cir. 1989), the district court may reinstate sentences so that they run consecutively.

Here, the district court did not err in sentencing Parrish to eight years' imprisonment at his probation revocation hearing.  A review of the record reveals that the sentencing court suspended Parrish's sentence as to the two mail fraud counts, and, at the time, each mail fraud count carried a statutory maximum of 5 years' imprisonment.  *See* 18 U.S.C. § 1341 (1987).  Because § 3653 gives the district court the power to "impose any sentence which might originally have been imposed," the district court revoking his probation could have imposed up to 5 years' imprisonment as to each count, to run consecutively, for a total term of 10

9

years' imprisonment.

Although the court did not explicitly state at sentencing that the "count one" and "count two" to which it referred were the suspended sentences for mail fraud, it appears from the record that the court intended to impose a sentence of four years' imprisonment as to each mail fraud count. First, the court noted that, as Parrish's initial sentence was imposed pre-Guidelines, the sentence imposed upon the revocation of his probation would be expressed in terms of years, rather than months. Thus, the court implied that it understood that the sentences imposed upon revocation of Parrish's probation related to his original, pre-Guidelines suspended sentence, not to his probation violations. Second, the court plainly concluded that Parrish had violated "condition one" and "condition twelve" of his probation, and subsequently imposed a sentence of four years as to each "count one" and "count two." Thus, the alternative suggested by Parrish – that the court construed "count one" and "count two" to be the two violations listed in the probation officer's request to revoke Parrish's probation – stems from a strained reading of the sentencing transcript, as the court distinguished between "counts" and "conditions" during his oral pronouncement.

Finally, to the extent that Parrish argues that the court based its revocation of his probation and its sentence upon the belief that his commuted sentence could be

10

revived and revoked to form the basis for an eight year sentence, the record does not reflect that the court operated under that belief. Although the court observed that the effect of an eight year sentence would be to "return [Parrish's] sentence from 12 years to the originally imposed 20 years," the court, by referring to "count one" and "count two," demonstrated that it was imposing sentences that could have originally been imposed in relation to the mail fraud counts and not, as Parrish alleges, reviving his commuted sentence. Accordingly, Parrish has not shown that the court erred in sentencing him. We therefore affirm his sentence.

    **AFFIRMED.**