[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2005
THOMAS K. KAHN
CLERK

_____

Nos. 05-12331 & 05-12571
Non-Argument Calendar

_____

D. C. Docket Nos.
03-00096-CR-FTM-29-DNF
03-00096-CR-FTM-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINCY MARQUICE WILLIAMS,
a.k.a. Q,
a.k.a. Quincy Marquis Williams,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(December 22, 2005)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

On December 24, 2003, Quincy Marquice Williams and the Government executed a plea agreement that called for Williams to plead guilty to Count One of a three count indictment, which charged him with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. The plea agreement contained a provision whereby Williams explicitly waived his right to appeal his sentence directly or collaterally on any ground except in four situations: (1) an upward departure by the sentencing judge, (2) a sentence above the statutory maximum, (3) a sentence in violation of the law, apart from the United States Sentencing Guidelines ("Guidelines"), or (4) if the Government appealed the imposed sentence. On December 31, 2003, Williams pled guilty to Count One before a magistrate judge; on January 5, 2004, the district court accepted the plea and adjudicated Williams guilty of the Count One offense. On April 28, 2004, the district court sentenced him to prison for 292 months.

After the ten-day period for taking an appeal expired, Williams sought an out-of-time appeal pursuant to 28 U.S.C. § 2255, on the ground that his attorney denied him effective assistance of counsel by failing to file a notice of appeal. The district court granted his motion. Record, Vol. 1 at Tab 43. In the order granting the motion, the court, following the procedure outlined in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2001), "re-sentenced" Williams to the same

sentence it imposed on April 28. Williams thereafter lodged this appeal, challenging both his conviction and sentence.

Williams challenges his conviction on the ground that the indictment was insufficient to invoke the district court's jurisdiction or to provide him with sufficient notice that he conspired with  known and unknown individuals. Williams attacks his sentence on the grounds that the district court (1) denied him due process of law and a Sixth Amendment right, as recognized in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when it re-sentenced him without notice, hearing, or presence of counsel and based on facts beyond those he admitted, and (2) erroneously adopted the pre-sentence investigation report's calculations of his criminal history points which dramatically increased his criminal history category.

We consider first Williams's challenge to his conviction.

I.

Generally, whether an indictment sufficiently alleges an offense is a question of law which we review de novo. United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001). Where, as here, the defendant challenges the sufficiency of the indictment for the first time on appeal, "the indictment must be held sufficient

3

unless it is so defective that it does not, by any reasonable construction, charge the offense to which [the defendant] pleaded guilty." Id. at 943.

We conclude that Count One of Williams's indictment was sufficient because it plainly invoked the court's jurisdiction alleged a conspiracy to distribute drugs, the time the conspiracy operated, and the statute the conspiracy violated. See Pease, 240 F.3d at 943. We therefore affirm Williams's conviction.

## II.

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i) [of the Federal Rules of Appellate Procedure].

United States v. Phillips, 225 F.3d at 1201.

"Under the Due Process Clause, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005)(quotation omitted). A district court that properly follows the procedure detailed in Phillips by vacating the original

sentence, imposing the exact same sentence, and advising the defendant of the rights and time limitations associated with the appeal, does not violate a defendant's rights under the Due Process Clause. Id.

The record in this case establishes that the district court – in vacating the original sentence, re-sentencing Williams to that same sentence, and advising him of his right to appeal – correctly followed the procedure detailed in Phillips. See Parrish, 427 F.3d at 1348. In short, the district court did not deny Williams due process of law.

III.

An appeal waiver is valid if knowingly and voluntarily made. We review such waiver de novo. Pease, 240 F.3d at 942. A"[w]aiver will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir.), cert. denied. 125 S.Ct. 2279 (2005)(quotation omitted). A waiver of the right to appeal can cover "difficult or debatable legal issues or even blatant error," id., and include a waiver of Blakely and Booker issues. United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir.), cert. denied, 125 S.Ct. 2279 (2005). Given this state of the law,

the only question left for us to decide is whether the issues Williams's raises fall within any of the plea agreement's exceptions.  Id.

The record shows that the magistrate judge explained the significance of the appeal waiver, questioned Williams concerning the appeal waiver, and confirmed his understanding of the waiver.  Given this, we conclude that Williams made a knowing and voluntary waiver of his right to appeal his sentence under all but the four circumstances mentioned supra, none of which applies here.  In sum, Williams has waived his right to appeal whether the district court denied him rights recognized by Blakely and Booker, and whether the court incorrectly computed his criminal history points.

AFFIRMED.