[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 29, 2006
THOMAS K. KAHN
CLERK

No. 05-12607
Non-Argument Calendar

_____

D. C. Docket No. 03-00022-CR-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAREN KING,
a.k.a. Karen Jones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 29, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Karen King appeals her conviction for importing and trafficking in

counterfeit goods on the grounds that aggravating factors listed in her indictment were unconstitutional and the district court erred in admitting evidence of her previous conviction, supervised release status, and financial difficulties. Because King failed to move the district court to strike the aggravating factors and the probative value of the evidence of her conviction, supervised release, and financial problems outweighed its prejudicial nature, we affirm King's conviction.

## BACKGROUND

King was a self-employed exporter and importer of goods for sale in and outside of the United States. King ordered a shipment of athletic shoes from China that was seized by Customs & Border Protections in June 1999 for bearing registered trademarks of Nike. On January 14, 2003, a grand jury indicted King for importing and trafficking in counterfeit athletic shoes. 18 U.S.C. §§ 545, 2320(a).

On June 11, 2003, a superceding indictment was returned and on August 10, 2004, the grand jury returned a second superceding indictment. The second superceding indictment included two aggravating factors based on non-statutory sentencing factors. The first aggravating factor was that the retail value of the counterfeit items exceeded $70,000 and the second factor was that King committed the offense while under a criminal justice sentence of supervised release. In 1996,

2

King had been convicted for uttering counterfeit money, and from February 1998 through March 2000, she had been under supervised release.

At no time before or during trial did King move to strike the aggravating factors from the indictment. King instead stipulated to the facts regarding both factors. The district court, with the parties' consent, did not submit the aggravating factors to the jury during trial or during jury deliberations.

Before trial, King moved to exclude the introduction of her previous conviction. The district court held that the previous conviction could be introduced under Federal Rule of Civil Procedure 404(b) for the limited purpose of showing King's state of mind and absence of mistake. The district court gave limiting instructions to the jury when this evidence was introduced and when the jury was charged on the law. The government also noted the limited nature of the evidence during closing arguments.

At the opening statements, King argued that she mistakenly believed the shoes were genuine and did not intend to import counterfeit shoes. During trial, the government called King's probation officer as a witness. The probation officer testified, among other things, that King was having financial difficulties. King was convicted and ultimately sentenced to seven months of imprisonment followed by three years of supervised release.

**STANDARD OF REVIEW**

We review issues first raised on appeal for plain error. United States v. Parrish, 427 F.3d 1345, 1347 (11th Cir. 2005). We review evidentiary rulings of the district court for abuse of discretion. United States v. Ndiaye, 434 F.3d 1270, 1280 (11th Cir. 2006).

**DISCUSSION**

King raises three issues on appeal: (1) the district court failed to strike the aggravating factors in the superseding indictment as "surplusage" in violation of her Fifth and Sixth Amendment rights; (2) the introduction of evidence of her previous conviction and supervised release status violated Federal Rule of Evidence 404(b); and (3) the introduction of evidence of her financial difficulties was unduly prejudicial. We address each argument in turn.

First, King argues that the district court plainly erred when it did not strike the aggravating factors from the indictment. She argues that the aggravating factors in the superseding indictment were surplusage because they are not statutory crimes and that the use of these aggravating factors implicates her Fifth Amendment right to indictment by a grand jury for infamous crimes and her Fifth and Sixth Amendment rights to a fair and impartial trial. King's argument fails.

The Federal Rules of Criminal Procedure do not permit the district court to

strike surplusage except on a motion by the defendant. Rule 7(d) states that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." The Advisory Committee Notes to Rule 7(d) explain that "[t]he authority of the court to strike such surplusage is to be limited to doing so on defendant's motion . . . ." Because King did not move the district court to strike the factors as surplusage, she waived the right to complain on appeal that the aggravating factors, the facts of which she later admitted, were included in the indictment.

King's related argument that the aggravating factors made the indictment so defective as to deprive the district court of subject matter jurisdiction over the case also fails. King's argument is foreclosed by controlling authority. The Supreme Court has held that "defects in an indictment do not deprive a court of its power to adjudicate a case." United States v. Cotton, 535 U.S. 625, 630-31, 122 S. Ct. 1781, 1785 (2002).

Second, King argues that the district court erred by admitting evidence of her previous conviction and her supervised release status, but evidence of past crimes or wrongs can be admitted at trial to establish the defendant's state of mind, intent, or lack of mistake. Fed. R. Evid. 404(b). Evidence of prior wrongs may be admitted if it satisfies a three-part test: "(1) the evidence must be relevant to an

issue other than defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; (3) the government must offer sufficient proof so that the jury could find that the defendant committed the act." United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005) (citing United States v. Hogan, 986 F.2d 1364, 1373 (11th Cir. 1993)). The first and third parts are easily satisfied. The evidence of King's previous conviction was admitted to establish that King did not mistakenly believe the shoes were not counterfeit, and King does not contest that she had been convicted.

The district court did not abuse its discretion when it concluded that the probative value of the evidence was not substantially outweighed by its undue prejudice. King placed her state of mind squarely at issue in her opening statement when she argued that she received the counterfeit shoes as an accident or mistake. The prejudicial impact was minimal because the testimony regarding King's previous conviction was of short duration, and the judge gave proper limiting instructions to the jury.

Finally, King erroneously argues that the district court erred when it admitted evidence of her financial difficulties. Rule 404(b) permits evidence of motive. "[E]vidence of financial difficulties is admissible in fraud prosecutions to demonstrate knowledge, motive, intent, design, and absence of mistake." United

States v. Metallo, 908 F.2d 795, 798-99 (11th Cir. 1990).

## CONCLUSION

King's conviction is

**AFFIRMED.**