[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10515
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-10019-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTIAGO HERRERA MCCLYMONT,
VICTOR MANUEL OLIVARES MARILUZ,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(February 9, 2007)**

Before DUBINA, CARNES, and COX, Circuit Judges.

PER CURIAM:

Appellants Santiago Herrera McClymont and Victor Manuel Olivares Mariluz

appeal their convictions for conspiracy to possess with intent to distribute cocaine

and possession with intent to distribute cocaine on board a vessel subject to U.S. jurisdiction, 46 U.S.C. App. § 1903(a),(j). McClymont also appeals his sentence. On appeal, McClymont contends that the district court erred in: (1) not setting aside its ruling on the motion to dismiss the indictment because McClymont was not present for the hearing on the motion; (2) denying McClymont's motion for a judgment of acquittal; (3) failing to grant McClymont a minor-role reduction; and (4) imposing an unreasonable sentence of 288 months' imprisonment. Olivares contends that the district court erred in failing: (1) to dismiss the indictment based on the government's destruction of the vessel on which Olivares was arrested; and (2) denying his motion to suppress evidence obtained as the result of a search and seizure of the vessel. Olivares also contends that there was insufficient evidence to support his convictions.

Only issues (1) and (4) raised by McClymont warrant discussion. McClymont argues that the district court erred in not setting aside its ruling on the motion to dismiss the indictment because McClymont was not present for the hearing on the motion. However, even assuming that McClymont may have had a right to be present, any error created by his absence was harmless, as he has been unable to demonstrate that he suffered any prejudice. *See United States v. Parrish*, 427 F.3d 1345, 1347-48 (11th Cir. 2005). Second, McClymont argues that the district court imposed an unreasonable sentence of 288 months' imprisonment. The sentence was

2

within the advisory Guidelines range, and "we ordinarily will expect that choice to be a reasonable one." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Additionally, although 18 U.S.C. § 3553(a)(6) directs the district court to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," here there are rational reasons for why McClymont's codefendants received lesser sentences, namely the fact that they received the benefits of their cooperation. McClymont's sentence is reasonable.

Only issues (1) and (2) raised by Olivares warrant discussion. Olivares argues that the district court erred by failing to dismiss the indictment based on the government's destruction of the vessel on which Olivares was arrested. In order for evidence to be material for constitutional purposes, it must "both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489, 104 S. Ct. 2528, 2534 (1984). Olivares fails to satisfy the first prong of the test. Thus, the district court did not err in denying his motion to dismiss.

Olivares' second issue is that the district court erred by failing to suppress evidence obtained as the result of an illegal search and seizure of the vessel. However, the magistrate judge found that the United States Coast Guard had the

3

consent of Sao Tome to search the ship in the form of an agreement with the U.S. State Department obtained in 2003. (*See* R.1-119 at 2-4.) This finding has support in the record, and suffices to support the conclusion that the ship was subject to U.S. jurisdiction under 46 U.S.C. § 1903(c)(1)(C).

We find no reversible error.

**AFFIRMED.**