[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13272
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 94-06003-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEWIS SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 9, 2009)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Robert Lewis Smith, a federal prisoner convicted of a crack

cocaine offense, through counsel, appeals the district court's grant of his *pro se* motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Smith's motion was based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels associated with crack cocaine offenses, as well as an argument that the district court could further reduce his sentence under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and *Kimbrough v. United States*, 552 U.S. __, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007). The district court granted the motion in part, recalculated the guideline range applying Amendment 706, and imposed a sentence at the corresponding point near the middle of the amended guideline range.

On appeal, Smith argues that *Booker* and *Kimbrough* apply to § 3582(c)(2) proceedings, and that the district should further reduce his sentence after considering his post-sentence rehabilitation and the continuing crack/powder disparity. He argues that the district court should impose a sentence below the amended guideline range, but that, based on the factors he presented, the district court should at least reduce to the low end instead of the middle of the amended guideline range. Smith also argues that he was denied assistance of counsel because the district court ruled on his motion without allowing appointed counsel to present arguments on his behalf.

***Discretion to impose a sentence within the amended guideline range***

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). In addition, in the § 3582(c)(2) context, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).

The district court must engage in a two-part analysis when determining whether to reduce a defendant's sentence pursuant to an 18 U.S.C. § 3582(c)(2) motion. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). The court must: (1) recalculate the sentence under the amended Guidelines, and (2) decide, in its discretion, whether it will choose to impose a new sentence or retain the original sentence. *Id.* at 780-81. The second part of the analysis "should be made in light of the factors listed in 18 U.S.C. § 3553(a)." *Id.* at 781. While a district court must consider the § 3553(a) factors, it "commits no reversible error by failing to articulate specifically the applicability–if any–of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322

3

(11th Cir. 1997).

> Under 18 U.S.C. § 3582(c)(2), the court may not modify a term of imprisonment once it has been imposed except
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added).

The policy statement applicable to § 3582(c)(2) proceedings is U.S.S.G. § 1B1.10, which instructs courts how to determine the amended guideline range. U.S.S.G. § 1B1.10(b)(1) (2008). The policy statement provides in relevant part that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under [§ 1B1.10(b)(1)]." U.S.S.G. § 1B1.10(b)(2)(A).

In *United States v. Melvin*, ___ F.3d ___, ___ (11th Cir. February 3, 2009) (No. 08-13497), we held that § 3582(c)(2) only allows a district court to reduce sentences in a manner "consistent with the applicable policy statements of the Sentencing Commission." *Id.*, at 9. We noted that the policy statement applicable

4

to § 3582(c)(2) proceedings prohibited the district court from reducing a term of imprisonment below the low end of the amended guideline range. *Id.* at 5, 9; *see* U.S.S.G. § 1B1.10(b)(2)(A). We further held that *Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings, and that the district court could not rely on *Booker* or *Kimbrough* to reduce the defendant's sentence below the low end of the amended guideline range. *Melvin*, ___ F.3d at ___.

After reviewing the record, we conclude that the district court did not abuse its discretion in imposing a reduced sentence within the amended guideline range. Furthermore, the district court did not err in declining to reduce Smith's sentence further pursuant to *Booker* and *Kimbrough* because *Booker* and *Kimrough* do not apply to § 3582(c)(2) proceedings. Accordingly, we affirm Smith's sentence.

***Assistance of Counsel***

Proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), or a *de novo* resentencing,. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). *Moreno*, 421 F.3d at 1220. Citing Fed.R.Crim.P. 43(a)(3) and (b)(4), we have held that, although the defendant must be present at his initial sentencing, he "need not be present at proceedings involving the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)." *United States v. Parrish*, 427 F.3d 1345, 1347 (11th Cir. 2005) (quotation omitted).

5

Because Smith was not entitled to a hearing, and the district court granted his motion for a reduced sentence, we conclude that Smith was not denied assistance of counsel.

**AFFIRMED.**