[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2010
JOHN LEY
CLERK

No. 10-11021
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cr-14078-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTYWAN E. BRYANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 5, 2010)

Before BARKETT, HULL, and MARTIN, Circuit Judges.

PER CURIAM:

Antywan Bryant appeals his 151-month sentence, imposed upon his

pleading guilty to possessing with intent to distribute 50 grams or more of cocaine

base in violation of 21 U.S.C. § 841(a)(1). On appeal, Bryant argues that the district court committed plain error when, contrary to this Court's decision in United States v. Wade, 458 F.3d 1273, 1281 (11th Cir. 2006), it denied him a two-level reduction in his offense level for acceptance of responsibility, pursuant to United States Sentencing Guidelines § 3E1.1(a) (Nov. 2007), on the basis of his conduct prior to his indictment in this case. Upon review of the parties' briefs and the record, we agree that the district court committed plain error. For the reasons set out below, we vacate Bryant's sentence and remand the case to the district court for further review and resentencing.[1]

I.

Bryant pleaded guilty to possessing with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On June 20, 2007, Bryant was arrested by state authorities in Florida for the conduct that resulted in his federal charge. He was released from state custody on bond the next day. Then, on August 16, 2007, Bryant was arrested by the Florida Highway Patrol for driving while his license was suspended. Bryant had $3,470 in his possession at the time, and admitted, according to the presentence investigation report ("PSR"),

---

[1]Bryant also argues that his sentence was substantively unreasonable. Because we vacate Bryant's sentence and remand the case to the district court for resentencing, we need not address the substantive reasonableness of the sentence.

that he "was trying to get some cocaine to make some money." On October 25, 2007, a federal grand jury returned an indictment charging Bryant, on the basis of the conduct resulting in his first arrest, with one count of possessing with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pursuant to a plea agreement with the government, Bryant pleaded guilty on December 11, 2007, to possessing with intent to distribute 50 grams or more of cocaine base. In return, the government agreed to dismiss the remaining count charging Bryant with being a felon in possession of a firearm.

In the PSR, the probation officer determined that Bryant had a base offense level of 30, pursuant to U.S.S.G. § 2D1.1(a)(3), which was enhanced by two levels to 32, pursuant to U.S.S.G. § 2D1.1(b)(1), because Bryant possessed a dangerous weapon. In considering whether a reduction for acceptance of responsibility would be appropriate under U.S.S.G. § 3E1.1, the probation officer noted that Bryant had admitted the offense, expressed regret, and stated his desire to try to help stop the drug problem in his community. Nevertheless, the probation officer concluded from the facts of Bryant's second arrest that he had "failed to voluntarily terminate or withdraw from criminal conduct after commission of the instant offense and does not qualify for a reduction for acceptance of

3

responsibility." The probation officer assessed Bryant four criminal history points, resulting in a criminal history category of III, which produced a guideline sentencing range of 151 to 188 months imprisonment. The offense carries a statutory minimum sentence of ten years imprisonment followed by at least five years of supervised release. 21 U.S.C. § 841(b)(1)(A).

Bryant objected that the criminal history category of III overstated his actual conduct, as most of his prior criminal conduct was related to driving violations and the rest were misdemeanors not involving the sale of illegal substances. Based on this, he argued for a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1). At the sentencing hearing on March 3, 2008, the district court denied the objection as untimely, but in considering the 18 U.S.C. § 3553(a) factors, the court also noted that it would deny Bryant's objections on the merits. Adopting the PSR's guideline calculation and range of 151 to 188 months, the district court found that "a sentence at the low end of the advisory guideline range is sufficiently punitive to deter this defendant from further criminal conduct. As a result, the sentence will be imposed within and at the bottom of the advisory guideline range." The court then imposed a sentence of 151 months imprisonment followed by five years of supervised release.

In March 2009, Bryant filed a motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255, alleging that his counsel had failed to perfect an appeal from his sentence despite his request to do so. The district court granted Bryant's § 2255 motion, vacated his prior judgment, and scheduled a resentencing. Prior to the resentencing, Bryant submitted objections to the PSI. This time, he objected to the PSI's conclusion that he did not qualify for a reduction for acceptance of responsibility on the basis of the August 16, 2007 arrest, because that arrest occurred before he was indicted in this case on October 25, 2007. At resentencing on March 1, 2010, the district court once again imposed a sentence of 151 months imprisonment followed by five years of supervised release.

II.

We review the district court's findings of fact for clear error, but review *de novo* its interpretation of the sentencing guidelines and its application of the guidelines to the facts. United States v. Campbell, 491 F.3d 1306, 1315 (11th Cir. 2007). However, we review sentencing issues raised for the first time on appeal for plain error. United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). Bryant failed to object to the denial of a two-level reduction for acceptance of responsibility under § 3E1.1(a) at his first sentencing hearing. He did raise the

5

issue at resentencing, but the district court apparently concluded that it was bound by this Court's decision in United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005), to impose a sentence identical to Bryant's original sentence.[2]

"[T]o correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." United States v. Stevenson, 68 F.3d 1292, 1294 (11th Cir. 1995). If those factors are met, we have discretion to correct the error if it "'seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings.'" United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993) (quoting United States v. Young, 470 U.S. 1, 15, 105 S. Ct. 1038, 1046 (1985)). An error is not "plain" unless it is "clear under current law." Id. at 734, 113 S. Ct. at 1777. "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). For a defendant to show that his substantial rights were violated as a result of a sentencing error, he must establish that there is a reasonable

---

[2]We need not decide whether the district court properly interpreted Parrish, nor whether Bryant properly raised the issue before the district court, because we conclude that the district court committed plain error by denying Bryant a two-level reduction for acceptance of responsibility in the original sentence.

probability that, but for the error, he would have received a lesser sentence. United States v. Arias-Izquierdo, 449 F.3d 1168, 1190 (11th Cir. 2006); see United States v. Marcus, 560 U.S. ---, 130 S. Ct. 2159, 2164 (2010). Where the result of the error is "uncertain or indeterminate," the defendant has not met his burden of showing prejudice. United States v. Rodriguez, 398 F.3d 1291, 1299–1301 (11th Cir. 2005) (citing Jones v. United States, 527 U.S. 373, 394–95, 119 S. Ct. 2090, 2105 (1999)).

A two-level reduction in a defendant's offense level is appropriate where "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Application Note 3 of the commentary to § 3E1.1 states that

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct . . . will constitute significant evidence of acceptance of responsibility for the purposes of [§ 3E1.1(a)]. However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

Application Note 5 of the commentary to § 3E1.1 further observes that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." But there are limits to the district court's

7

discretion to deny an offense-level reduction for acceptance of responsibility. See Wade, 458 F.3d at 1279–81.

In Wade, we considered whether "a district court, in evaluating whether a defendant has clearly demonstrated acceptance of responsibility, may consider the defendant's conduct following the offense for which he was ultimately convicted but before federal charges were brought against him." Id. at 1279. The defendant in Wade, like Bryant, was arrested twice by state authorities before he was indicted for the conduct which was the basis of the first of his arrests. Id. at 1275. Also like Bryant, the defendant in Wade was denied a two-level reduction for acceptance of responsibility on the basis of his second state arrest. Id. at 1276. We "conclude[d] that a defendant's conduct following earlier state charges, at least where that conduct occurred before he knew that federal charges were forthcoming, ought not vitiate the effect of his otherwise exemplary acceptance of responsibility once the federal charges were filed." Id. at 1281. We explained that we were following the First and Sixth Circuits in adopting "a bright line rule" that a district court should not deny the two-level U.S.S.G. § 3E1.1(a) reduction on the basis of pre-federal-charge conduct, because "[c]onsidering a defendant's reaction to prior state charges would decrease the likelihood of a reduction being granted no matter how quickly and fully he accepted the later federal charges, thereby

8

decreasing the incentive for him to do so." Id. Wade cannot be distinguished from Bryant's case. In denying Bryant the two-level reduction for acceptance of responsibility under § 3E1.1(a), the district court failed to adhere to the "bright line rule" that we adopted in Wade. Because Wade addressed precisely the scenario presented here, we conclude that error exists and that it is plain.[3]

The remaining question is whether that error affects substantial rights. The government contends that it does not, because there is not a reasonable probability that the sentence would be different. We disagree. The district court expressly stated its intention to impose a sentence "at the bottom of the advisory guideline range." With a two-level reduction for acceptance of responsibility, Bryant's adjusted offense level would be 30, which combined with his criminal history category of III would produce a guideline sentencing range of 121 to 151 months imprisonment. Thus, if the two-level reduction for acceptance of responsibility were granted, the 151-month sentence would not be at the bottom of the advisory guideline range, but instead would be at the top of the guideline range. See United

---

[3]Bryant also appears to argue on appeal, as he attempted to before the district court, that he is entitled to an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). As we explained in Wade, however, "[a] reduction under [§ 3E1.1(b)] may be granted only on formal motion by the government at the time of sentencing." 458 F.3d at 1282; see § 3E1.1 cmt. n.6. Because the government did not make such a motion in this case, it was not error, plain or otherwise, for the district court to deny an additional offense-level reduction under § 3E1.1(b).

9

States v. Bennett, 472 F.3d 825, 834 (11th Cir. 2006) (holding that where "the district court expressly indicated a desire to impose a sentence near the low end of the sentencing Guidelines range," but miscalculated the offense level such that the sentence imposed was not near the low end of the correctly-calculated guideline range, there was a reasonable probability that the district court would have sentenced the defendant differently if it had correctly calculated his offense level); see also United States v. Frazier, 605 F.3d 1271, 1282–83 (11th Cir. 2010) (holding that the district court's miscalculation of the defendant's offense level affected his substantial rights where the sentence imposed was at the high end of the miscalculated guideline range, but would fall outside of the correctly-calculated range).

The government further argues that it's not reasonably probable that, but for this error, Bryant would have received the two-level reduction for acceptance of responsibility. Again, we disagree. The PSR reveals no basis for denying Bryant the two-level reduction other than his August 16, 2007 arrest. Neither has the government pointed to any other reason for the court's denial of the acceptance of responsibility reduction for Bryant. To the contrary, the PSR—to which the government filed no objections—makes clear that Bryant admitted the offense,

expressed regret, and stated a desire to try to help stop the drug problem in his community.

We recognize "that plain error review should be exercised 'sparingly,' and only 'in those circumstances in which a miscarriage of justice would otherwise result.'" Rodriguez, 398 F.3d at 1298 (quoting Jones, 527 U.S. at 389, 119 S. Ct. at 2102; Olano, 507 U.S. at 736, 113 S. Ct. at 1779). As a consequence, plain error review is not appropriate "where the effect of an error on the result in the district court is uncertain or indeterminate." Id. at 1301. But in this case the result of the district court's error is neither uncertain nor indeterminate. The guideline range was calculated in a manner contrary to this Court's precedent, which clearly provided that Bryant should not have been denied a two-level reduction for acceptance of responsibility. See Wade, 458 F.3d at 1281. Further, the district court made clear that it imposed a sentence of 151 months imprisonment because that was the lowest sentence within the advisory guideline range. This being the case, we conclude that but for its error in denying Bryant the two-level reduction for acceptance of responsibility, the district court would have imposed a sentence of less than 151 months imprisonment.

Accordingly, we VACATE Bryant's sentence and REMAND the case to the district court for resentencing in a manner consistent with this opinion.