[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14094
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cr-00135-RAL-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD J. ROBINSON,
a.k.a. Goat,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 19, 2016)

Before WILLIAM PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Gerald Robinson was sentenced to 121 months in prison after pleading

guilty to conspiracy to distribute cocaine.  This was the second time a sentence has

been imposed on Robinson in this case.  The district court first imposed the same

121-month sentence in September 2014. Robinson then filed a 28 U.S.C. § 2255 motion. He claimed in the motion that his lawyer was ineffective for failing to object to an error in calculating his sentence. He also claimed his lawyer was ineffective for failing to file a direct appeal based on this calculation error. The court granted the motion on this second claim and vacated Robinson's sentence. It then imposed the same sentence again and told Robinson he had 14 days to file a direct appeal. This is that direct appeal. Robinson argues that the district court should not have granted his § 2255 motion and reinstated his right to a direct appeal without addressing his other ineffective assistance claim (the one about failing to object to the miscalculated sentence). He also argues that the district court erred in reinstating his original sentence without holding a new sentence hearing. He further suggests that his sentence is unlawful because of the alleged calculation error. After careful review of the briefs and record, we affirm.

In United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000), we laid out this procedure for what district courts should do when granting out-of-time appeals as remedies in § 2255 cases: (1) vacate the judgment that the defendant wishes to appeal; (2) reimpose the original sentence; (3) tell the defendant he can appeal the reimposed sentence; and (4) tell the defendant how long he has to file that appeal. Id. at 1201. A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the Phillips procedure. See United States v.

Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005) (per curiam).  The district court properly followed the Phillips procedure in this case, so we turn to the merits of Robinson's appeal.

Robinson claims his lawyer was ineffective for failing to object to the use of one of his prior convictions in calculating his sentence.  We typically don't consider ineffective assistance claims on direct appeal, "even if the record contains some indication of deficiencies in counsel's performance."  See United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotation omitted).  We thus decline to consider Robinson's ineffective assistance claim at this time.  Though the district court didn't specify that it was dismissing this claim without prejudice, Robinson can still raise the claim in a new § 2255 motion because that motion will not be successive.  See McIver v. United States, 307 F.3d 1327, 1330–32 & n.2 (11th Cir. 2002).

To the extent Robinson also claims his sentence was erroneously calculated, this claim is barred by the appeal waiver in his plea agreement.  Robinson doesn't argue that his appeal waiver was invalid, and it's clear from the record that it was knowing and voluntary.  He also does not allege that this claim fits in one of the exceptions in his appeal waiver, and it's clear from the text of the waiver that these exceptions don't apply to this claim.

**AFFIRMED.**

3