[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10910
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cr-00025-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEANGELO A. ROME,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 9, 2017)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Appellant Deangelo Alquan Rome appeals his sentence after pleading guilty

to three counts of possession of a firearm or ammunition, or both, by a convicted felon. He argues that the district court improperly considered unreliable hearsay evidence when determining his base offense level under the Sentencing Guidelines. Because the district court did not err in considering the hearsay evidence introduced at sentencing, we affirm Rome's sentence.

## I.

In 2016, Rome was indicted on three counts of possession of a firearm and ammunition by a convicted felon. The first count stemmed from an incident in which an officer found Rome in his car with marijuana, a nine-millimeter pistol, and ammunition. The second count arose after police responded to a "shots fired" call and investigators found, in the backyard of the shooting victim's house, a loaded magazine with Rome's fingerprint. The third count was premised on the fact that officers, responding to a call of armed individuals in the area, found a rifle with Rome's palm print and DNA evidence inside a vehicle and Rome hiding in the house where the vehicle was parked.

Rome pled guilty to all three counts, and the district court sentenced him according to its calculation of the Sentencing Guidelines. Relevant to the current appeal, the district court calculated Rome's base offense level after finding that the ammunition Rome possessed in the second count was connected to an offense of attempted first-degree murder under Sentencing Guideline § 2X1.1's cross-

reference to the separate offense with which the ammunition was connected.

The district court's decision to apply the cross reference for attempted first-degree murder relied, in part, on testimony from Officer Amber Bernard, who investigated the second count. Bernard testified that after the incident underlying Rome's second count, investigators found an extended magazine loaded with ammunition in the shooting victim's backyard, and the magazine had Rome's fingerprint on it. She also testified that the shooting victim, after seeing a photo array, identified Rome as the shooter; in a separate interview, the victim also told Bernard that Rome shot him from the backyard. The victim explained to Bernard that Rome may have shot him because they had a "beef." In her testimony, Bernard theorized that Rome shot first from the backyard to drive the victim to the front door, where other shooters were waiting.

## II.

Now, on appeal, Rome argues that the district court erred when it calculated his base offense level with a cross reference of attempted first-degree murder. He argues the only evidence that he had a premeditated intent to kill—an element of first-degree murder—is hearsay evidence of the shooting victim's out-of-court statements introduced through Bernard's testimony. Rome asserts that this hearsay testimony is unreliable, and therefore reasons that the district court should not have relied on it to conclude that he had attempted first-degree murder.

3

We typically review for clear error the district court's findings of fact based on hearsay evidence admitted at a sentencing hearing. *United States v. Query*, 928 F.2d 383, 384-86 (11th Cir. 1991).  But as Rome acknowledges, "defense counsel did not object to the introduction of hearsay evidence at sentencing." **Blue Br. 16.** Therefore, the objection was waived, and this court reviews the district court's decision for plain error.[1]  *See United States v. Parrish*, 427 F.3d 1345, 1347 (11th Cir. 2005).  "To prevail under a plain error standard, [Appellant] must prove that (1) there is an error; (2) that is plain; and (3) that affects substantial rights." *Id.* at 1348.  If a defendant establishes all three requirements, we may choose to exercise our discretion to correct a forfeited error, but only if "the error serious affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003) (citation, internal quotation marks, and alterations omitted).

A district court does not commit an error in relying on hearsay evidence at sentencing "as long as the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." *United States v. Anderton*, 136 F.3d 747, 751

---

[1] Rome argues that we should review the decision below *de novo*, citing *United States v. Ghertler*, 605 F.3d 1256 (11th Cir. 2010).  But *Ghertler* considered the sufficiency of the district court's explanation for the sentence it imposed.  Here, Rome does not challenge the sufficiency of the evidence supporting the district court's explanation for its sentence, but rather the court's reliance on hearsay evidence underlying its explanation for its sentence.

(11th Cir. 1998).  Here, no error occurred.

Bernard's testimony about the shooting victim's statements, and the shooting victim's statements themselves as reported by Bernard, were sufficiently reliable.  In fact, Bernard simply repeated the victim's statements as transcribed in a recorded interview, which defense counsel introduced.  Indeed, the district court made an explicit finding of fact noting this and finding Bernard's testimony credible.  It stated Bernard's testimony was "consistent with what's in the transcript" that defense counsel read during sentencing.

As for the reliability of the victim's statements, they are supported by the fact that the victim was actually shot, the discovery of the ammunition magazine with Rome's fingerprint in the backyard and Rome's own admission that he had been in the backyard.  In addition, the court made findings of fact and cited evidence that Rome and the other shooters "traveled to the victim's residence, they traveled with loaded firearms, they positioned themselves strategically in order to carry out this homicide, and they planned an escape" to support its finding that the attempted murder was premeditated.  Considering the undisputed factual record here, it is difficult to reach any other conclusion than that Rome acted with premeditation.

Defense counsel also had an opportunity to rebut Bernard's testimony: she cross-examined Bernard.  *Anderton*, 136 F.3d at 751.  Thus, the district court did

not commit error—either plain or otherwise—in relying on Bernard's hearsay testimony because her testimony had sufficient indicia of reliability, the court made explicit findings of facts as to the reliability of the testimony, and Rome had the opportunity to rebut the evidence.

## III.

For these reasons, the district court did not plainly err in calculating Rome's base offense level using a cross reference to attempted first-degree murder under Sentencing Guideline § 2X1.1. We therefore affirm the sentence of the district court.

**AFFIRMED.**