[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17135
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20352-KMW-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS ISAAC LAFLEUR,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 28, 2018)

Before TJOFLAT, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Thomas LaFleur appeals his conviction for knowingly possessing an

unregistered firearm.  LaFleur asks us to reverse his conviction because (1) the gun

he possessed did not need to be registered, (2) even if it did, the language of the

registration requirement is unconstitutionally vague as applied, and (3) the district court directed a verdict against him. As to his first two claims, we find no plain error. For the third, we conclude that he invited the error. Therefore, we affirm.

## I.

A grand jury indicted LaFleur for knowing possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Section 5861(d) makes the possession of an unregistered firearm unlawful. 28 U.S.C. § 5861(d). A weapon concealable on a person that can discharge a shot through explosion qualifies as a firearm, but a pistol with a "rifled bore" does not. Id. § 5845(a), (e).

At his jury trial, LaFleur admitted that he knowingly possessed an unregistered gun; that he attached a grip to the barrel of the gun ("foregrip"); and that he knew the foregrip was on the gun when police recovered it from his backpack.

The government's trial theory centered on the foregrip. The foregrip, the government contended, transformed the gun from a pistol into a firearm that had to be registered. In support of that theory, the government presented the testimony of firearms expert Officer Eve Eisenbise of the Bureau of Alcohol, Tobacco, and Firearms. Officer Eisenbise testified that a gun is a pistol only if it is designed to be used by one hand. The addition of a foregrip, Officer Eisenbise opined, meant

2

that the gun was "no longer designed to be used with one hand," and thus no longer a pistol, meaning that it had to be registered.

At the close of the government's case, LaFleur made an oral motion for a judgment of acquittal, arguing that the government failed to prove that he knew the gun had to be registered due to the foregrip. The district court denied LaFleur's motion, reasoning that LaFleur merely needed to know that the grip was on the gun.

After both sides presented their evidence, the district court instructed the jury that the government "only has to prove beyond a reasonable doubt that the Defendant knew about the specific characteristics or features of the firearm that made it subject to registration, namely the forward grip." LaFleur and the government jointly proposed this instruction, and LaFleur did not object to the instruction at the charging conference or when the district court read it to the jury.

The jury convicted LaFleur as charged. During his allocution at sentencing, LaFleur objected to his conviction, arguing that federal law does not prohibit the possession of an unregistered pistol with two grips. The district court sentenced LaFleur to 14-months imprisonment followed by 3-years supervised release. This appeal followed.

**II.**

On appeal, LaFleur argues that his conviction cannot stand for three reasons: (1) the gun at issue did not need to be registered; (2) even if it did apply to his gun, the registration requirement is void-for-vagueness as applied to him; and (3) instructing the jury that the "forward grip" made the gun subject to registration left nothing for the jury to decide.  All three of LaFleur's arguments fail on procedural grounds.  We address each in turn.

LaFleur's first argument can be construed either as a statutory interpretation argument or a sufficiency argument.  Either way, we must review it for plain error, because we find no timely objection in the trial record.  See United States v. Leon, 841 F.3d 1187, 1196 (11th Cir. 2016); see also United States v. Wilson, 788 F.3d 1298, 1310 (11th Cir. 2015); United States v. Parrish, 427 F.3d 1345, 1347, 1348 (11th Cir. 2005) (per curiam).

At sentencing, LaFleur did raise the objection that his gun did not need to be registered.  However, this objection was too late to be timely because it was made more than two months after his conviction.  See Parrish, 427 F.3d at 1348.  It is true that LaFleur's counsel argued in his motion for judgment of acquittal that the government had failed to prove LaFleur knew the gun had to be registered on account of the foregrip; however, that argument is different than the one he raises here.  Therefore, we review his claim for plain error.  See Leon, 841 F.3d at 1196.

The statutes at issue do not directly resolve this question. Our precedent doesn't either. Thus, the district court did not commit plain error. See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.").

For similar reasons, LaFleur's vagueness challenge to the registration requirement fails as well. LaFleur did not object to the registration requirement on vagueness grounds, so we are bound to review for plain error. See United States v. McKinley, 732 F.3d 1291, 1296 (11th Cir. 2013) (per curiam) (noting that constitutional objections not raised before the district court are reviewed for plain error). Again, this Court's precedent does not squarely resolve whether the statutory language provides adequate notice that a pistol with a foregrip requires registration. Therefore, no plain error occurred. See Lejarde-Rada, 319 F.3d at 1291.

Last, we turn to LaFleur's third claim: that the district court improperly instructed the jury that the foregrip made LaFleur's pistol subject to registration. Preliminarily, we reject the government's argument that LaFleur waived this argument for supposedly making only a passing reference to it in his brief. In his initial brief, LaFleur did not merely describe the instruction that is the subject of

his claim; he argued that the judge's instruction "ensured that Mr. LaFleur would be convicted because it left nothing for the jury to decide." This assertion was adequate to put the government and this court on notice of LaFleur's argument. Cf. Kelliher v. Veneman, 313 F.3d 1270, 1274 n.3 (11th Cir. 2002) (finding waiver where the party "made no arguments on the merits as to [the] issue" in his initial brief); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (finding waiver where the party "fail[ed] to argue [the claim] in its brief on appeal").

However, the claim does suffer from a defect here: any error was invited. The jury instruction that LaFleur now says was defective was one of the instructions that LaFleur's counsel and the government proposed to the district court. And LaFleur did not object to the instruction at the charging conference or after it was read to the jury in his presence. As a result, LaFleur, through counsel, invited any error caused by this jury instruction. United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998) (per curiam) ("[A] defendant can invite error . . . by submitting an incorrect jury instruction to the district judge which is then given to the jury."). Because any error was invited, this claim fails as well. See Stone, 139 F.3d at 838.

Having found no plain error as to LaFleur's first two claims and invited error as to his third claim, we affirm LaFleur's conviction.

6

**AFFIRMED.**