**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis Fernando RESTREPO, Mauro Angel Marquina, Defendants–Appellants.**

**No. 86–5967.**

United States Court of Appeals, Eleventh Circuit.

Nov. 16, 1987.

Thomas M. Dawson, Leavenworth, Kan., for defendants-appellants.

Leon B. Kellner, U.S. Atty., Miami, Florida, Norman A. Moscowitz, Mayra R. Lichter, Linda C. Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before JOHNSON and EDMONDSON, Circuit Judges, and HOFFMAN *, Senior District Judge.

EDMONDSON, Circuit Judge:

This case involves the issue of burden of proof under Fed.R.Crim.P. 32(c)(3)(D) as to matters contested at a sentencing hearing. Defendants-appellants appeal their sentencing, asserting that once they have disputed points raised by the government, it is the government's burden to advance clear and convincing evidence to support the allegations of the presentence investigation report (PSI). Because` we find that the government had only to support its assertions by some reliable proof, and because it did make this showing, we deny appellants' challenge and affirm the district court judgment.

In May 1983, defendants-appellants Restrepo and Marquina, along with two co-defendants, negotiated the sale of over fifty kilograms of cocaine worth over $2.6 million to two undercover agents of the U.S. Customs Service. After a one-ounce sample of cocaine was produced at the meeting, appellants and the others were arrested. Restrepo and Marquina initially pleaded guilty to one count of possession with in-

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

tent to distribute. They later moved to withdraw their plea, but the district court denied this motion.

Defendants-appellants now appeal their November 1986 hearing and sentencing. Appellants assert that their culpability was less than that of their co-defendants and that, in finding that they were integral parts of the conspiracy, the district court incorrectly placed the burden of proof on them under Fed.R.Crim.P. 32(c)(3)(D) to disprove the allegations of the government as to their role in the drug transaction.

■ Historically, sentencing procedures have manifested great flexibility. A sentencing judge has broad discretion in the imposition of criminal sentences. *United States v. Reme*, 738 F.2d 1156, 1167 (11th Cir.1984), *cert. denied sub. nom. Pierrot v. United States*, 471 U.S. 1104, 105 S.Ct. 2334, 85 L.Ed.2d 850 (1985). The sentence itself is insulated from appellate review if within the statutory limits. *Id.* While the sentencing process is open to appellate scrutiny, *United States v. Saintil*, 753 F.2d 984, 990 (11th Cir.), *cert. denied*, 472 U.S. 1012, 105 S.Ct. 2712, 86 L.Ed.2d 727 (1985); *United States v. Clements*, 634 F.2d 183, 186 (5th Cir.1981), the judge's discretion as regards the process is "largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker*, 404 U.S. 443, 446 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); 18 U.S.C. sec. 3577 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *Tucker v. Kemp*, 762 F.2d 1480, 1486–87 (11th Cir.), *vacated and remanded on other grounds*, 474 U.S. 1001, 106 S.Ct. 517, 88 L.Ed.2d 452 (1985). While this broad discretion allows the sentencing judge to fit the sentence to the

individual defendant, it also serves to keep the sentencing procedure fairly simple and brief. *"[T]he sentencing procedure is not a trial.* Its purpose is to ensure that the district court is sufficiently informed to enable it to exercise its sentencing discretion in an enlightened manner." *United States v. Stephens*, 699 F.2d 534 (11th Cir. 1983) (emphasis added).

Rule 32, itself, does not explicitly address which party shall have what burden when a factual dispute arises as to items in the PSI. Since its promulgation in 1966, however, and in the various forms it has taken throughout the years, Rule 32(c) has been designed to encourage the use of a presentence report in the sentencing proceeding and, more recently, to ensure the accuracy of the report's contents. Nevertheless, a reading of the Advisory Committee Notes and other legislative material related to the Federal Rules of Criminal Procedure reveals that the drafters of Rule 32, while emphasizing accuracy, have never intended to curtail the scope of information presented in the PSIs or to restrict the probation service in its preparation of these reports.[1]

■ There are therefore various goals at issue in a sentencing procedure: that the information about defendant relied upon at sentencing be accurate enough to protect defendant's liberty interest, that the sentencing court have free rein in its determination of what is relevant to sentence so as to fit the penalty to the individual defendant, and that the sentencing procedure itself not develop into a full-blown evidentiary hearing. To some degree, these goals can conflict. We conclude that the harmonization of the mandate of Rule 32 and of the goals and policies underlying the sentencing procedures requires only that the government, once challenged as to factual inaccuracies in the PSI, support its statements in the PSI by some reliable proof by which the trial court can conclude that it is

---

1. The Advisory Committee Notes to the 1974 amendments to Rule 32 state: "Experience in jurisdictions which require disclosure does not lend support to the argument that disclosure will result in less complete presentence reports or the argument that sentencing procedures will become unnecessarily protracted." The state-

ment indicates that these two factors—sufficiently complete PSIs and the length and complexity of the sentencing hearing—were of concern to the drafters; it also evinces their intent to improve PSI accuracy while not adversely affecting other aspects of the sentencing process.

not unlikely that the government's statements are true.

The Supreme Court has recently indicated the right of due process does *not* demand proof of sentencing considerations by clear and convincing evidence, as appellants' contend. *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 2419–20, 91 L.Ed.2d 67 (1986). Unlike other procedures, where the State is seeking the involuntary commitment of an individual to a mental institution or the involuntary termination of parental rights, "criminal sentencing takes place only after a defendant has been adjudged guilty beyond a reasonable doubt." *Id.* 106 S.Ct. at 2420 n. 8. In light of both the sentencing court's traditional operation "without constitutionally imposed burdens of proof," *McMillan*, 106 S.Ct. at 2420 n. 8, and a lack of clear legislative intent as to the imposition of such a burden in Rule 32, we are reluctant to impose such a burden of our own accord. Nevertheless, in view of defendant's constitutional due process right not to be sentenced on the basis of false information, *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948), we conclude that the government must advance some satisfactory grounds to support a contested PSI statement, some "information such as to be persuasive of the validity of the [PSI] charge." *United States v. Weston*, 448 F.2d 626, 634 (9th Cir.1971), *cert. denied*, 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972).[2]

■ The government's obligation to support its statements is triggered by a defendant's clear challenge to specific factual inaccuracies. *United States v. Aleman*, 832 F.2d 142 (11th Cir.1987). As provision (c)(3)(A) of Rule 32 indicates, the district court, in its discretion, may hear testimony or consider other information that the defendant wishes to introduce regarding alleged inaccuracies. We stress that the district court may also pose such questions to prosecution and defense counsel and to the defendant as are necessary to determine that a *genuine* issue as to a factual inaccuracy exists, before putting the government to its "proof."[3] Once it has been determined that a genuine dispute as to a factual inaccuracy exists, the government must support its PSI statements by some reliable substantiation that is satisfactory to convince the sentencing court that the truth of the PSI statement is not unlikely.

Because they are not trials, sentencing proceedings ought not to be stiff or elaborate. Consequently we hesitate to use the term "burden of proof" and the accompanying terms related to evidentiary proof standards: we feel that even their use might tend to formalize the sentencing procedure, narrow its traditional open format, and impinge on the broad discretion of the sentencing judge. Yet, because these terms serve as a useful shorthand, we employ them to note that, in challenging a PSI factual proposition, there is a burden of going forward on defendant to show that a genuine controversy exists. Defendants are not to be required to prove negative propositions; and, thus, this burden ought to be slight. The trial judge should consider, however, whether defendant's challenge is simply a misunderstanding or just an attempt to harass the government by continually putting it to its proof. Once this has been done, the burden of going forward shifts to the government, which also bears the ultimate burden of persuasion.

---

**2.** There is perhaps all the more reason to demand no more than some reliable evidence from the government in appellants Restrepo and Marquina's case, where appellants, at sentencing, wish to dispute the facts surrounding the crime *to which they knowingly and voluntarily pleaded guilty.* By entering into a plea agreement with the government, appellants saw one charge against them dropped in exchange for their pleading guilty to one count. By their plea, appellants waived their right to a trial on the charges of which they stood accused. They cannot now transform their sentencing hearing into the trial that they chose to forego.

**3.** If, at the outset, the sentencing judge knows that he will not rely on the specific fact in dispute in setting sentence, he may state this and dispense with any showing by the government or by defendant. The court's determination that a particular fact was disputed by defendant but did not enter into sentencing would then be appended to the PSI, according to the requirements of Rule 32(c)(3)(D).

By "some reliable proof" we are not requiring that the government establish the PSI statements by a preponderance of the evidence. Rather, a PSI statement may be accepted as true even in situations where the sentencing judge might find that there is a balance of probabilities.[4]

Turning to the specific facts of this case, we note that at the sentencing hearing when Restrepo and Marquina disputed their role in the drug negotiations, the government called as a witness the probation officer who had prepared the presentence report. The officer testified that he had based his report on his personal review of the taped meeting and on his conversation with an agent who had been present at the fateful meeting. According to this agent, all four defendants present participated actively and all appeared well-versed in drug trafficking; furthermore, several conversations concerning trafficking took place out of the range of the recording transmitter.

The sentencing court thus had before it defendants' evidence in the form of their own transcription of the tapes and the testimony of an expert who stated that in his opinion Restrepo and Marquina did not have leading roles in the May 2, 1983 meeting; and the government's evidence in the form of testimony of one who had reviewed the tape of the meeting and who had debriefed one of the undercover agents present at the meeting. While the court attached defendants' version of the taped meeting to the PSI, it also made the finding that Restrepo and Marquina were integral members of the drug deal and thus merited the ten-year sentence that it then imposed.

▮ Rules of evidence serve to confine a criminal trial to evidence strictly relevant to the offense charged. *Williams v. New York*, 337 U.S. 241, 246–47, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949). Even so, be-

cause "possession of the fullest information possible concerning the defendant's life and characteristics" is necessary for the sentencing judge to determine the type and extent of punishment appropriate to a particular defendant, rules of evidence do not govern a sentencing proceeding. *Id.* at 247, 69 S.Ct. at 1083. Thus, for example, use of hearsay evidence is permissible. *United States v. Rodriguez*, 765 F.2d 1546, 1555 (11th Cir.1985). We conclude that the government met its obligation as to the challenged statements of the PSI through the evidence offered by its witness, the probation officer. The district court then fulfilled its duty under Rule 32(c)(3)(D) by making findings of fact as to the disputed contentions.

Because defendants' contention as to their right to withdraw their guilty plea was already rejected by this court previously as without merit, we AFFIRM the district court's judgment.

---

**4.** Rule 32(c)(3)(D) offers to the sentencing court two methods of dealing with PSI statements in controversy: the judge may make findings on the controverted point or he may determine that such disputed matter will not enter into his sentencing decision. In cases where the evidence presented makes it difficult to determine which statement—defendant's or the government's—is accurate, the sentencing court may

find it preferable to exclude this point from its consideration for purposes of sentencing and merely to note defendant's objections as an addendum to the PSI (as required by the Rule).