[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14887
Non-Argument Calendar

_____

D. C. Docket No. 97-14043-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEDSON DAVIS,
a.k.a. Jamaican Ned,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 29, 2007)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Nedson Davis appeals pro se the district court's order denying his post-

judgment motion to correct or revise his Presentence Investigation Report ("PSI").
After review, we affirm.

## I.  BACKGROUND

In 1998, Davis pled guilty to possession with intent to distribute crack cocaine and was sentenced to 151 months' imprisonment.  Davis did not appeal his conviction or sentence.

In 2006, Davis filed a pro se motion asking the district court to revise his PSI.  In the motion, Davis complained that the PSI listed as part of his criminal history a number of charges for which Davis was arrested but never convicted.[1] According to Davis, the Bureau of Prisons ("BOP") relied on this information to deny him the right to be transferred to a minimum security facility in violation of Davis's Fifth and Fourteenth Amendment rights.  Davis asked the district court to delete from his PSI references to any charges for which no information had been filed or that had been nolle prossed.

The district court denied Davis's motion and attached a copy of the Probation Office's response to Davis's motion.  The Probation Office

---

[1]Specifically, Davis's PSI listed the following charges for which Davis was arrested but no information was filed: (1) 1990 charges for false imprisonment and kidnapping; (2) three separate charges for aggravated battery from 1984 to 1985; (3) a 1985 charge for armed robbery; (4) a 1987 charge for possession of stolen property; and (5) 1997 charges for trafficking in cocaine and possession of cocaine with intent to sell.  In addition, the PSI listed the following charges that were nolle prossed: (1) a 1985 charge for possession of cocaine; (2) a 1993 charge for altering a tag; and (3) a 1997 battery charge.

recommended denying Davis's motion because it was required by law to include Davis's arrest history, including arrests that resulted in a dismissal or for which no information was filed or the case was nolle prossed. Davis filed this appeal.

## II. DISCUSSION

On appeal, Davis argues that the district court erred in denying his motion to revise his PSI to delete references to arrests and charges that did not result in a conviction. At the time of sentencing, Davis made no objections to the arrests and nolle prossed charges in his PSI that he now challenges. Indeed, Davis does not now claim that the PSI's information is false. Rather, Davis argues that the PSI should not include these arrests because no information was ever filed and they did not result in a conviction. We disagree.[2]

The contents of Davis's PSI are governed by Federal Rule of Criminal Procedure 32. Under Rule 32, the probation officer prepares the PSI after conducting a presentence investigation. Among other things, Rule 32 requires the probation officer to include in the PSI the defendant's prior criminal record. See Fed. R. Crim. P. 32(d)(2)(A)(i). The phrase "criminal record" is not defined in

[2]Neither party cites any statute or rule giving the district court the authority to revise a PSI over seven years after a defendant's conviction and sentence have become final. However, the government does not contend on appeal that the district court lacked authority to grant Davis's motion seven years after his conviction and sentence became final. Because the government does not raise that issue and because the district court was clearly correct in denying the motion on the merits, we assume, without deciding, that the district court had such authority.

3

Rule 32, but is defined broadly in other contexts to include not only convictions, but also records of arrest and indictments and other formal criminal charges, regardless of their disposition. See, e.g., 5 U.S.C. § 9101(a)(2); 42 U.S.C. § 14616(4)(A). Consequently, the probation officer in Davis's case was required to include in Davis's PSI all his arrests and criminal charges, regardless of whether they resulted in a conviction.

Davis also argues that his due process rights have been violated. A criminal defendant has a due process right not to be sentenced on the basis of false information. Townsend v. Burke, 334 U.S. 736, 741, 68 S. Ct. 1252, 1255 (1948); United States v. Restrepo, 832 F.2d 146, 149 (11th Cir. 1987). Accordingly, to protect a defendant's due process rights, Rule 32 gives the defendant the opportunity to challenge any alleged inaccurate statement in the PSI before sentencing. See Fed. R. Crim. P. 32(f) (requiring defendant to object in writing within fourteen days of receiving the PSI and allowing probation officer to meet with defendant about the objections, investigate further and, if appropriate, revise the PSI). If the defendant challenges factual statements in the PSI, the government is required to "support its PSI statements by some reliable substantiation that is satisfactory to convince the sentencing court that the truth of the PSI statement is not unlikely." Restrepo, 832 F.2d at 149.

Under Rule 32(i)(3), the sentencing court must either make a finding as to the controverted PSI statement or "determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing." United States v. Lopez, 907 F.2d 1096, 1101 (11th Cir. 1990); see also Fed. R. Crim. P. 32(i)(3)(A)-(B). A written record of the sentencing court's finding and determinations must also be appended to the PSI, which is thereafter made available to the BOP. Fed. R. Crim. P. 32(i)(3)(C). The district court must adhere to the dictates of Rule 32(i)(3) "because the rule helps ensure that future decisions about a defendant's penal treatment are based on a fair and accurate PSI." Lopez, 907 F.2d at 1101 (addressing former Rule 32(c)(3)(D), which contained the same requirements regarding objections to the PSI); see also United States v. Funt, 896 F.2d 1288, 1300 (11th Cir. 1990).

Here, Davis was given all the process he was due when he was given an opportunity at and before sentencing to object to the arrests and nolle prossed charges in his PSI. Davis failed to make any objection to this information. Accordingly, the district court properly adopted as its findings of fact the undisputed prior criminal record recited in the PSI. See Fed. R. Crim. P. 32(i)(3)(A). Furthermore, Davis's current pro se motion did not dispute the factual accuracy of the challenged arrests and nolle prossed charges, but merely argued

5

wrongly that only convictions should be included in his criminal record. Therefore, Davis has not provided the district court with a basis under Rule 32 for revising the PSI.

Finally, Davis argues that the BOP's use of these arrests and nolle prossed charges in his PSI to make security classification decisions violates the principle in Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992). In Sellers, a prison inmate filed a civil action against the BOP, alleging that prison officials violated the Privacy Act, 5 U.S.C. § 552(e)(5), (g)(1)(C), (g)(4), when they used erroneous information in the inmate's PSI to make adverse decisions regarding his custody, security classification, job and quarters assignments and opportunity to earn money and good time credits. Id. at 308-09. The District of Columbia Circuit concluded that the BOP was required under the Privacy Act to take reasonable steps to ensure that easily verifiable information in an inmate's prison record was accurate. Id. at 312.

Sellers, however, is inapposite. Davis filed a motion in his criminal proceedings asking the district court to revise his PSI. He did not file a civil suit against the BOP alleging that prison officials violated the Privacy Act. Sellers thus does not aid Davis's motion to the district court in this case.

**AFFIRMED**.