[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15049
Non-Argument Calendar

_____

D. C. Docket No. 99-00152-TP-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO JESUS RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 24, 2009)

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Pedro Jesus Rivera ("Rivera") appeals his eighteen-month sentence imposed

by the United States District Court for the Southern District of Florida upon the revocation of his probation. Rivera argues that the district court was required to consider the 18 U.S.C. § 3553(a) sentencing factors and comply with United States v. Booker,[1] even though he was convicted of the underlying offenses before the enactment of the Sentencing Guidelines. Rivera also contends that both the district court's manner of imposing the sentence and the sentence itself were unreasonable. We find Rivera's arguments to be without merit. Accordingly, we AFFIRM.

## I. BACKGROUND

On 12 May 1987, Rivera was charged in the United States District Court for the Central District of California with one count of conspiracy to possess stolen goods, in violation of 18 U.S.C. § 371, ("Count 1"), and three counts of possession of stolen goods, in violation of 18 U.S.C. § 659 ("Counts 2-4"). R1-1 at 15-22. He was found guilty on all four counts and sentenced on 10 August 1987 to forty-eight months of imprisonment on Counts 1 and 2, to run concurrently, and sixty months of probation on Counts 3 and 4, to be served after release from confinement. R1-1 at 2.

To place the district court's revocation of Rivera's probation in context, we recite certain salient facts regarding the procedural history of this case. Rivera was

_____

[1]543 U.S. 220, 125 S. Ct. 738 (2005).

released on 27 April 1989 to begin serving his parole and probation concurrently. Within two months, however, the United States Parole Commission heard violations involving Rivera's use of drugs, failure to attend treatment, failure to report a change of address, driving with a suspended license, driving under the influence, assaulting a police officer, defacing property, failure to appear, and voluntary manslaughter. R1-1 at 3.

On 15 March 1990, Rivera was convicted of manslaughter in California and sentenced to fourteen years of imprisonment. Id. Because of Rivera's incarceration for his manslaughter conviction, his probationary period for his federal conspiracy to possess stolen goods and possession of stolen goods convictions was tolled from 27 June 1989 until 17 May 1998 and was set to expire in March 2003. R1-3 at 1. In December 1999, the United States District Court for the Central District of California transferred jurisdiction of his case to the Southern District of Florida. R1-1 at 1.

On 20 February 2001, Rivera informed his probation officer that he had been arrested the previous month for driving under the influence. Rivera had actually been arrested for battery on a police officer and resisting arrest with violence, as well as driving under the influence. R1-3 at 2. He was charged with felony offenses and released on bond, but failed to appear at his court hearing. A

3

probation violation warrant followed in March 2001. R1-4. Over six years later, in November 2007, Rivera was arrested and charged with disorderly intoxication. R1-8 at 2. He was inadvertently released from custody but was arrested again the following May for possession of a fictitious driver's license, an offense for which he was charged, found guilty and sentenced to forty-three days of imprisonment. See id.

On 30 July 2008, the probation office petitioned the court to revoke Rivera's supervised release. R1-8 at 1-3. The petition alleged that Rivera committed the following probation violations: (1) violation of mandatory condition – excess consumption of alcohol, ("Violation 1"); (2) violation of mandatory condition – failing to advise the probation office within seventy-two hours of being arrested, ("Violation 2"); (3) new law violation – 19 January 2001 arrest for battery on a police officer, resisting arrest with violence, and driving under the influence, ("Violation 3"); (4) new law violation – 24 November 2007 arrest for disorderly intoxication, ("Violation 4"); (5) violation of mandatory condition — failing to report to the probation office twice weekly for urinalysis, ("Violation 5"); and (6) new law violation – 20 May 2008 arrest for possession of a fictitious driver's license ("Violation 6"). Id. at 1-2. The petition noted that Rivera had failed to appear for a 11 September 2008 hearing regarding Violation 3 and that charges had

4

been brought against Rivera on the offenses underlying Violations 4 and 6. Id. at 2.

At Rivera's revocation hearing, Rivera admitted Violations 2, 4, 5, and 6 and the government agreed to dismiss Violations 1 and 3. R2 at 3-7. When asked by the court for its sentencing recommendation, the government asserted that, because the sentencing guidelines did not apply to Rivera, the court could sentence him anywhere between zero and ten years. Id. at 7. It then requested a sentence between twenty-four and thirty-six months of imprisonment. Id. The probation officer suggested that the court impose a twenty-four month term of imprisonment. Id. at 8-9. Rivera, conceding that the court was not bound by the guidelines, nevertheless asked the court to sentence him to "something reasonable considering what the guidelines would have been for this type of violation, understanding that the Court would not be bound by that." Id. at 10. The court responded:

> See, the problem with using the guidelines is that if I gave a guideline sentence, nowadays for the guidelines he would do most of it. But if I give a sentence pre-guidelines, he'll do, if he behaves, at the most, two-thirds of that sentence, and he could do as little as a third. Because it would be in the custody of the Attorney General technically, not the Bureau of Prisons, so there's a little bit of a change in that. So when you receive a sentence under the old law, he's going to do less time.

Id. Rivera did not ask for a particular term of imprisonment, deciding instead to

"defer to the Court." Id. at 11.

The court sentenced Rivera to an eighteen-month term of imprisonment, followed by twenty-four months of probation. R1-12. In imposing the sentence the court made the following observations:

> After having heard from all parties, even though this is after Booker and there's no obligation of the Court to conduct an analysis under the guidelines and consult them, it is true that the guidelines for this type of violation would be three to nine months, so that would be instructive to a certain extent, but I could sentence the defendant [to] zero to ten years.
>
> What I'm going to do, in view of that, is you are going to be committed to the custody of the Attorney General for a period of 18 months. That's twice what the guidelines will call for because you're going to do less time on Count 1. On Count 2, I'm going to place you on probation.
> . . . .
>
> I'm going to place you on probation for two years and that will start after your release from Count 1.
>
> On Counts 3 and 4, I'm going to also place you on probation for two years concurrently.

R2 at 13-14. The court then asked if either party objected to the sentence. Id. at 14. The government responded that it had no objections and Rivera did not respond at all. Id.

6

## II. DISCUSSION

Because Rivera failed to object to his sentence in the district court, our review is for plain error. United States v. Stevenson, 68 F.3d 1292, 1294 (11th Cir. 1995) (per curiam) (holding that we "consider[] sentence objections raised for the first time on appeal under the plain error doctrine to avoid manifest injustice") (quotation marks and citation omitted). In order for us to correct plain error, "(1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." Id. If these criteria are met, we may, in our discretion, correct the plain error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779 (1993) (quotation marks, citation, and alteration omitted).

We note that the Sentencing Guidelines do not apply to crimes committed prior to 1 November 1987. See United States v. Burgess, 858 F.2d 1512, 1514 (11th Cir. 1988) (per curiam) (holding that "[s]ince [the defendant's] crimes were committed long before [1 November 1987], the fact that he was resentenced after November 1, 1987 is irrelevant"). In the event that a federal defendant serving a pre-guidelines sentence is subject to the revocation of his probation, former 18 U.S.C. § 3653 provided that the district court may "require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was

7

suspended, may impose any sentence which might originally have been imposed."

United States v. Taylor, 931 F.2d 842, 845 n.4 (11th Cir. 1991) (per curiam)

(quoting 18 U.S.C. § 3653 (repealed 1987)). "Section 3653 was repealed by the

Sentencing Reform Act, Pub.L. 98-473, § 212(a)(2), 98 Stat. 1987 (1984).

However, the repeal applies only to offenses committed after November 1, 1987."

United States v. Holland, 874 F.2d 1470, 1472 n.1 (11th Cir. 1989) (holding that

former § 3653 applied to the defendant, who pled guilty to the substantive offenses

underlying his probation in 1984).

Since this case predates the enactment of the guidelines, a brief history

lesson is in order. Before the sentencing guidelines were enacted, we recognized

that "[a] sentencing judge has broad discretion in the imposition of criminal

sentences" and determined that, although "the sentencing process is open to

appellate scrutiny," the severity of "[t]he sentence itself is insulated from appellate

review if within the statutory limits." United States v. Restrepo, 832 F.2d 146, 148

(11th Cir. 1987); see also United States v. Reme, 738 F.2d 1156, 1167 (11th Cir.

1984) (holding that "[t]he severity of a sentence imposed within the statutory limits

is insulated from appellate review, but the judicial process by which a sentence is

determined is subject to appellate scrutiny"). Mindful of the considerable

discretion afforded a sentencing judge in the days of yore and heedful of the scope

8

of our review, we assess the facts of the case before us.

Because Rivera was convicted of the substantive offenses underlying his probation prior to 1 November 1987, former 18 U.S.C. § 3653 is the applicable statute regarding revocation of probation. See Holland, 874 F.2d at 1472 n.1. We conclude that the district court did not violate the terms of former § 3653, because the eighteen-month sentence it imposed is less than the original forty-eight month sentence Rivera originally received for Count 1. Moreover, we find that the district court was not required to consider the 18 U.S.C. § 3553(a) factors or the sentencing guidelines, because neither were in effect when Rivera committed the underlying offenses. See Sentencing Act of 1987, Pub. L. No. 100-182, § 2, 101 Stat. 1266 (1987); Burgess, 858 F.2d at 1513-14. Likewise, Booker is inapplicable to Rivera's sentence because Booker specifically addresses the constitutionality of the sentencing guidelines, which are not implicated in this case. See Booker, 543 U.S. at 259, 125 S. Ct. at 764.

This brings us to Rivera's final argument in which Rivera contends that the district court erred in providing an unreasonable explanation for the sentence imposed. Rivera asserts that the district court incorrectly assumed that his eighteen-month sentence ultimately would be reduced by operation of 18 U.S.C. § 4205 and that the court based its sentencing decision upon that assumption. Our

review yields an interpretation more in line with that of the district court.

Section § 4205 provides that a defendant who is "confined and serving a definite term or terms of more than one year . . . shall be eligible for release on parole after serving one-third of such term or terms. . . ." 18 U.S.C. § 4205(a) (repealed 1984). Although 18 U.S.C. §§ 4201-4205 were repealed by section 235(a)(1) of Pub. L. No. 98-473, section 235(b)(4) contained a savings clause, which provided that

> [n]otwithstanding the other provisions of this subsection, all laws in effect on the day before the effective date of this Act pertaining to an individual who is – (A) released pursuant to a provision listed in paragraph (1) and (B)(i) subject to supervision on the day before the expiration of the five-year period following the effective date of this Act . . . shall remain in effect as to the individual until the expiration of his sentence.

Pub. L. No. 98-473, §§ 235(a)(1), (b)(4), 98 Stat. 1837 (1984) (set out as a note under 18 U.S.C. § 3551). Given this savings clause, it appears that the district court's assumption was grounded in fact. Whether Rivera ultimately will receive any gain time is not for us to say. What we can and do say, is that the district court did not commit plain error in explaining its sentencing rationale in the manner in which it did.

10

### III. CONCLUSION

Rivera appeals his eighteen-month sentence imposed upon the revocation of his probation. Because we conclude that the district court did not commit plain error in fashioning Rivera's sentence, we AFFIRM.

**AFFIRMED.**