[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10662
Non-Argument Calendar

_____

D. C. Docket No. 06-00029-CR-1-MMP-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER A. ANTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 20, 2009)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Peter Anton appeals his 56-month sentence for knowingly possessing

firearms and ammunition after having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C §§ 922(g), 924(a)(2). Anton argues that the district court erred at resentencing by finding that Anton possessed over 200 firearms by a preponderance of the evidence, which resulted in an offense-level enhancement of 10. Additionally, Anton argues that the district court failed to make a ruling on his claim for two sentence reductions based on the assertions that his firearms were used solely for sporting collection purposes and that he accepted responsibility for the offense in a timely manner. Upon review of the record and the parties' briefs, the district court did not err by enhancing Anton's sentence for possession of 200 or more firearms. However, because the district court failed to address Anton's objections concerning sporting collection and acceptance of responsibility reductions, we vacate the district court's order as to this issue and remand for proceedings consistent with this opinion.

I

On appeal, Anton argues that there was insufficient evidence to support a ten-level enhancement for his alleged ownership of over 200 firearms under U.S.S.G § 2K2.1(b)(1)(E). Specifically, Anton argues that the law enforcement officers never found a large quantity of firearms that belonged to him, that his

2

statement to Agent Barborini, a Bureau of Alcohol, Tobacco, Firearms and Explosives agent ("ATF agent"), that he had more than 347 guns was simply a "bragging offhand remark," and that the ledgers the government introduced were unreliable because they did not establish that Anton actually owned or possessed the guns described in the ledgers during the time the offense took place. The government responds that the firearm quantity enhancement was justified by Anton's ledgers, his statement to Agent Barborini that he owned more than 347 guns, and the 23,000 rounds of ammunition found at Anton's residence.

Anton also argues that this alleged possession was not relevant conduct, as it occurred in 1999 and 2000, and therefore, it exceeded the scope of the charged offense in this case. Anton finally argues that the firearm quantity enhancement violated the Sixth Amendment because it was not proven to a jury beyond a reasonable doubt.

We review "the district court's application and interpretation of the sentencing guidelines under the *de novo* standard of review, but [we review] its findings of fact for clear error." *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002) (citing *United States v. Harness*, 180 F.3d 1232, 1234 (11th Cir. 1999)). Under this deferential standard, a sentencing court's credibility findings are "virtually never" reversible, so long as the pertinent witness's testimony was

internally consistent. *See United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 575, 105 S. Ct. 1504, 1512 (1985)).

"When a defendant objects to a factual finding that is used in calculating his guideline sentence . . . the government bears the burden of establishing the disputed fact by a preponderance of the evidence." *Id.* (citing *United States v. Agis-Meza*, 99 F.3d 1052, 1055 (11th Cir. 1996)). "The preponderance of evidence is a relaxed evidentiary standard, however, it does not grant the court a license to sentence a defendant in the absence of sufficient evidence when that defendant has properly objected to a factual conclusion." *Id.* (internal quotation and citation omitted).

The base offense level for a defendant who was convicted under § 922(g) is 14. U.S.S.G. § 2K2.1(a)(6); U.S.S.G. § 2K2.1, cmt. n.3. This base offense level is enhanced by 10 levels if 200 or more firearms were involved in the offense. U.S.S.G. § 2K2.1(b)(1)(E).

The district court did not clearly err by finding that Anton possessed over 200 firearms because: (1) Anton told an ATF agent that he possessed 347 firearms, and Anton did not refute that statement; (2) ledgers containing detailed descriptions of several hundred firearms were found in Anton's possession; and (3)

4

23,000 rounds of ammunition were discovered at Anton's residence. Anton's ledgers and the extremely large amount of ammunition discovered at Anton's residence corroborate Anton's statement to Agent Barborini that he possessed 347 firearms. Based on this evidence, a reasonable fact finder could have found, by a preponderance of the evidence, that Anton possessed over 200 firearms, and this Court must defer to the district court's implicit rejection of Anton's testimony to the contrary. Therefore, the district court did not commit clear error by holding Anton responsible for possessing over 200 firearms.

Anton's argument concerning the scope of the relevant conduct in this case is meritless. Under U.S.S.G. § 1B1.3(a)(2), the Sentencing Guidelines can group together all relevant conduct that constitutes a violation of the felon in possession statute. *See* U.S.S.G. § 1B1.3(a)(2) (cross-referencing U.S.S.G. § 3D1.2(d), which lists offenses under § 2K2.1 as being grouped together). In this case, the indictment covered conduct occurring, at least in part, in 2004 and 2005. During the resentencing hearing, Agent Barborini testified that, in August 2005, Anton told him that he had 347 firearms. Thus, Anton's ownership of over 200 firearms occurred within the time period covered by the indictment, and the district court properly considered it as relevant conduct.

Turning to Anton's remaining argument, that the firearm quantity

enhancement violated his Sixth Amendment rights because the underlying facts were not proven to a jury, this Court has held that a district court may enhance a defendant's sentence pursuant to the Sentencing Guidelines so long as it applies the guidelines in an advisory fashion. *See United States v. Chau*, 426 F.3d 1318, 1323 (11th Cir. 2005) (per curiam) (citing *Rodriguez*, 398 F.3d at 1301). Because Anton does not allege that the district court applied the guidelines in a mandatory fashion in this case, his Sixth Amendment argument is meritless. *See id.*

Upon review of the parties' briefs and the record, it was not clear error for the district court to enhance Anton's sentence for possession of more than 200 firearms. Accordingly, we affirm the district court's decision on this issue.

II

Anton next argues that he was entitled to an offense-level reduction for being a firearms collector because the only evidence on this matter was his unrebutted testimony that his firearms were used solely for sporting collection purposes. Anton further argues that he also deserved an acceptance of responsibility offense-level reduction because he timely pled guilty and fully admitted to the charged conduct. Finally, Anton asserts that the record in this case is incomplete because the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to rule on his collecting firearms and acceptance

of responsibility reduction arguments. The government's brief failed to address the issue regarding reductions.

"We review *de novo* legal questions concerning the Federal Rules of Criminal Procedure." *United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006) (per curiam) (citing *United States v. Noel*, 231 F.3d 833, 836 (11th Cir. 2000)).

Federal Rule of Criminal Procedure 32 gives the defendant the opportunity to challenge any alleged inaccurate statement in the pre-sentence investigation report ("PSI") before sentencing. *See* Fed. R. Crim. P. 32(f) (requiring defendant to object in writing within fourteen days of receiving the PSI and allowing probation officer to meet with defendant about the objections, investigate further and, if appropriate, revise the PSI). If the defendant challenges factual statements in the PSI, the government is required to "support its PSI statements by some reliable substantiation that is satisfactory to convince the sentencing court that the truth of the PSI statement is not unlikely." *United States v. Restrepo*, 832 F.2d. 146, 149 (11th Cir. 1987).

Under Rule 32(i)(3)(B), when a PSI statement is under dispute, the sentencing court must either make a finding as to the controverted PSI statement or "determine that no such finding is necessary because the matter controverted will

not be taken into account in sentencing." *United States v. Lopez*, 907 F.2d 1096, 1101 (11th Cir. 1990) (citing *United States v. Funt*, 896 F.2d 1288, 1299 (11th Cir. 1990)). For any finding that the district court makes under Rule 32(i)(3)(B), a written record of that finding must be appended to the PSI, which is thereafter made available to the Bureau of Prisons. Fed. R. Crim. P. 32(i)(3)(C). The district court must strictly adhere to the dictates of Rule 32(i)(3) "because the rule helps ensure that future decisions about a defendant's penal treatment are based on a fair and accurate PSI." *Lopez*, 907 F.2d at 1101 (citing *Funt*, 896 F.2d at 1300) (addressing former rule 32(c)(3)(D), which contained the same requirements regarding objections to the PSI). Here, the disputed matter was pertinent to the accurate calculation of Anton's advisory guideline range, and so a ruling was mandatory. *See id.*

Anton's PSI did not provide him with reductions for collecting firearms and acceptance of responsibility. Anton filed written objections in the absence of those reductions, and he restated those objections during his resentencing hearing. During his resentencing hearing, Anton also presented new evidence, in the form of his testimony, to support his eligibility for these reductions. However, during the resentencing hearing, the district court did not rule on Anton's arguments concerning the sentence reductions, and it did not address the new evidence that

8

Anton presented during this hearing. This was the case, even though toward the end of the hearing, Anton explicitly reminded the court that it had not yet ruled on his sentence reduction arguments. Therefore, because the district court improperly failed to rule on Anton's arguments concerning acceptance of responsibility and collecting firearms sentence reductions, it violated Rule 32(i)(3)(B). Accordingly, we vacate and remand the district court's decision on this issue.

We note that this is a limited remand so that the district court can comply with the requirements of Rule 32(i)(3)(B). If the district court on further consideration decides that either reduction is merited, it then should consult the amended guideline range and resentence Anton.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**