[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12212
Non-Argument Calendar
_____

D.C. Docket No. 1:99-tp-00152-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO JESUS RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 3, 2012)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

In his underlying criminal case, Appellant Pedro Jesus Rivera ("Rivera")

was convicted on August 10, 1987, of one count of conspiracy to possess stolen

goods from a foreign shipment, in violation of 18 U.S.C. § 371, and three counts

of possession of stolen goods from a foreign shipment, in violation of 18 U.S.C. §

659.  Rivera received concurrent sentences of four years' imprisonment for each of

the first two counts.  His sentence was suspended as to Counts 3 and 4, each of

which carried a maximum sentence of ten years' imprisonment.  After violating his

probation for a second time, the Southern District of Florida revoked probation

and sentenced Rivera on April 26, 2011, to seven years' imprisonment.  On

appeal, Rivera contends that the district court violated 18 U.S.C. § 3653 by

imposing a prison sentence that exceeds the prison sentence imposed for the

underlying offense.  Rivera also argues that our decision in his appeal of an earlier

sentence imposed following his first probation revocation binds us to conclude

that the district court violated § 3653.  *See United States v. Rivera*, 324 Fed. App'x

811, 815 (11th Cir. 2009) (per curiam).  After reviewing the record and reading

the parties' briefs, we conclude that Rivera's contentions are without merit, and

thus, we affirm his sentence.

## I.

We ordinarily review pre-Guidelines probation revocation decisions for

abuse of discretion.  *United States v. Parrish*, 427 F.3d 1345, 1347 (11th Cir.

2005) (per curiam).  However, at sentencing, Rivera did not raise his objections to

2

the length of his sentence.  If a defendant does not raise timely objections in the district court, we review for plain error.  *Id.*  We exercise plain error review sparingly and only "in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (quoting *United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779 (1993)).  For this reason, the plain error test is difficult to meet.  *Rodriguez*, 398 F.3d at 1298.  To prevail under the plain error standard of review, a defendant must prove that there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002) (internal quotation marks omitted) (quoting *Johnson v. United States*, 520 U.S. 461, 466–467, 117 S. Ct. 1544, 1549 (1997)).  If a defendant proves all of these elements, we "may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Cotton*, 535 U.S. at 631, 122 S. Ct. at 1785 (quoting *Johnson*, 520 U.S. at 467, 117 S. Ct. at 1549).

Rivera is unable to show error — plain or otherwise — because pre-Guidelines law permits his sentence of seven years' imprisonment.  In 1987, 18 U.S.C. § 659 provided a term of imprisonment of up to 10 years for each count of knowing possession of stolen goods valued at more than $100 from a foreign

3

shipment.  Under § 3653, upon finding that the defendant violated probation, the district court may "revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."  18 U.S.C. § 3653 (repealed Nov. 1, 1987).  While "[§] 3653 was repealed by the Sentencing Reform Act, Pub. L. 98-473, § 212(a)(2), 98 Stat. 1987 (1984) . . . the repeal applies only to offenses committed after November 1, 1987."  *United States v. Holland*, 874 F.2d 1470, 1472 n.1 (11th Cir. 1989).  In *Parrish*, we affirmed the district court's imposition of eight years' imprisonment following probation revocation where the original sentence for two counts of mail fraud was suspended, and each count carried a statutory maximum of five years' imprisonment.  *Parrish*, 427 F.3d at 1349.  We held that under § 3653, the district court may impose any sentence that might originally have been imposed and noted that "the district court . . . could have imposed up to five years' imprisonment as to each count, to run consecutively, for a total 10 years' imprisonment."  *Id.* Moreover, under the pre-Guidelines framework, if a court imposes a sentence within the statutory limits, the severity of the sentence is insulated from appellate review.  *United States v. Reme*, 738 F.2d 1156, 1167 (11th Cir. 1984).  Rivera's underlying conviction from August 1987 precedes the effective repeal of § 3653,

4

and thus, we conclude that the district court did not plainly err in following pre-Guidelines law when sentencing Rivera.

Additionally, Rivera argues that our decision in his prior appeal following his first revocation of probation requires that the instant sentence not exceed four years. *See Rivera*, 324 Fed. App'x at 815 (concluding that "the district court did not violate the terms of . . . § 3653, because the eighteen-month sentence it imposed is less than the original forty-eight month sentence" in Rivera's underlying criminal case). "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. We "may cite to [unpublished opinions] . . . to ascertain the law of the case." *Id.* I.O.P. 7. Under the law of the case doctrine, "the resolution of an issue decided at one stage of a case is binding at later stages of the same case." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005) (per curiam). The law of the case doctrine "operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal." *Id.* The doctrine has "developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997).

In the instant appeal, the law of the case doctrine and our prior decision has

5

no bearing on the district court's imposition of this seven-year sentence. Our prior comment in *Rivera* on the reasonableness of that 18-month sentence does not require us to find this 84-month sentence unreasonable. In fact, as discussed *supra*, the district court had the authority under § 3653 to sentence Rivera to a longer term. *See* 18 U.S.C. § 3653. Consequently, we reject Rivera's contention that our holding in his prior appeal constrains us now.

## II.

Rivera has not demonstrated that the district court committed plain error in imposing a seven-year prison sentence after revoking his probation where the seven-year sentence is less than the statutory maximum prison sentence for the two counts that were suspended in his original case. Additionally, Rivera has not shown that the law of the case compels us to conclude that the district court violated § 3653. Accordingly, we affirm Rivera's sentence.

**AFFIRMED.**