[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11641
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20892-DPG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNEDY FISHER RILEY,
a.k.a. Pine,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 2, 2016)

Before JORDAN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Kennedy Riley appeals his 151-month sentence for possession of cocaine, in violation of 18 U.S.C. 922(a)(1). Riley raises two issues on appeal. First, he argues that the district court erred by not making a definitive finding as to whether his prior cocaine possession conviction was counseled. Second, he argues that the conviction is not a controlled substance under the Sentencing Guidelines.

## I.

On appeal, Riley argues that the district court made a substantial procedural error during his sentencing hearing when it failed to make a finding as to whether he had counsel for the 2011 conviction, as required by Fed.R.Crim.P. 32(i)(3)(B). He claims that the district court overruled his objection to the career offender enhancement without making the required finding. Absent the career offender designation, Riley argues that his sentencing guidelines range would have been 46-57 months.

We normally review *de novo* legal questions concerning the Federal Rules of Criminal Procedure. *United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006). A claim preserved at sentencing is reviewed for harmless error if it does not affect the substantial rights of the parties. *United States v. Petho*, 409 F.3d 1277, 1279 (11th Cir. 2005). Under this standard, we will only reverse if the

2

error resulted in actual prejudice because it has a substantial and injurious or influence on a defendant's sentence. *Id.*

Under Rule 32, a district court must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the district court will not consider the matter in sentencing. Fed. R. Crim. P. 32(i)(3)(B). A defendant triggers Rule 32(i)(3)(B) only by challenging statements of fact that are in the PSI. *United States v. Owen*, 858 F.2d 1514, 1517 (11th Cir. 1988).

For any finding that the district court makes under Rule 32(i)(3)(B), the sentencing court "must append a copy of the court's determinations under this rule to any copy of the presentence report made available for the Bureau of Prisons." Fed. R. Crim. P. 32(1)(3)(C); *see also United States v. Lopez*, 907 F.2d 1096, 1101 (11th Cir. 1990). Strict adherence to Rule 32 is necessary because the rule helps ensure that future decisions about a defendant's penal treatment are based on a fair and accurate PSI. *Lopez*, 907 F.2d at 1101. Further, if a defendant challenges factual statements in the PSI, the government is required to support the PSI by some reliable substantiation that is satisfactory to convince the sentencing court that the truth of the PSI is not unlikely. *United States v. Restrepo*, 832 F.2d 146, 149 (11th Cir. 1987).

We have held that an appellant generally cannot collaterally attack prior convictions used in sentencing proceedings. *United States v. Roman*, 989 F.2d 1117, 1120 (11th Cir. 1993). If the defendant can demonstrate that a conviction was presumptively void, though, the sentencing court is constitutionally required to review the earlier conviction before relying on it. *Id.* at 1118. A defendant ultimately bears the burden to show that his conviction is presumptively void. *United States v. Cooper*, 205 F.3d 1279, 11287 (11th Cir. 2000).

The district court erred when it did not make an explicit ruling concerning whether Riley's 2011 conviction was counseled. The district court stated that it considered the evidence ambiguous, and it overruled the objection without making an actual finding. Although it may be argued that the district court made an implicit finding, Rule 32(i)(3)(B) requires that the district court make its findings concerning factual disputes explicit or conclude that a finding is unnecessary. In this case, it was necessary that the district court make a finding because using the conviction to support career offender status added 30-40 months to Riley's sentence, and thus the error was not harmless. Moreover, the district court itself concluded that the state court record was unclear in certain respects, defense counsel averred that the plea "really wasn't counseled," and Riley's statements in allocution also cast doubt about what happened.

4

Finally, although the PSI showed that Riley committed many other controlled substance offenses in the past, those convictions cannot be used to support career offender status as they fall outside the fifteen year limit set out in the Guidelines.  Accordingly, we vacate in this respect and remand for further proceedings.

## II.

Riley argues, for the first time on appeal, that the district court erroneously found that his F10004780A conviction under Fla. Stat. § 893.13 was a qualifying substance offense under U.S.S.G. § 4B1.2.  He recognizes that his argument is foreclosed by *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014*), cert. denied*, 135 S. Ct. 2825 (2015), but he claims that this precedent violates the Supreme Court's ruling in *United States v. LaBonte*, 520 U.S.751, 117 S. Ct. 1673 (1997).  He argues that *LaBonte* requires controlled substance offenses under the Guidelines be equivalent to federal controlled offenses, and because section 893.13 lacks a *mens rea* element, the conviction cannot qualify as a controlled substance offense.

When appropriate, we review the district court's application of the Guidelines *de novo*.  *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006).  However, when a defendant fails to object to errors at the district court level, we review for plain error.  *United States v. Shelton*, 400 F.3d 1325, 1328

5

(11th Cir. 2005).  Further, the prior precedent rule holds that a prior panel's ruling is binding on all subsequent panels unless and until it is overruled by the Supreme Court or this Court sitting *en banc*.  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Under U.S.S.G. § 4B1.1, a defendant is a career offender if he is over the age of 18, the instant offense is a controlled substance felony or crime of violence, and the defendant has at least two prior felony convictions for a controlled substance felony or crime of violence.  U.S.S.G.§ 4B1.1(a).  A "controlled substance offense"

> means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b).

Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver cocaine within 1,000 feet of a church or school as a first-degree felony.  *See* Fla. Stat. § 893.13(e)(1).  First-degree felonies are punishable by up to 30 years' imprisonment.  *Id.* § 755.082(3)(b)(1).

In *Smith,* we determined that a prior conviction under § 893.13 was a "controlled substance offense" under § 4B1.2(b).  *United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014), *cert denied*, 135 S. Ct. 2825 (2015).  We rejected

6

the argument that it must search for the elements of the "generic" federal definition of a "controlled substance offense" because that term was already defined in the Sentencing Guidelines. *Id.* at 1267. As such, a conviction for violation of § 893.13 counted as a controlled substance offense under the Guidelines, even if it lacked the *mens rea* element of federal law. *Id.* The appellant in that case also argued that state crimes must be "substantially similar" to federal drug trafficking crimes. We rejected that argument, explaining that an earlier version of the Guidelines defined a controlled substance offense as an enumerated list of federal drug trafficking crimes and "similar offenses." *Id.* at 1268. Once the Guidelines were amended, that analysis became unnecessary. *See id.* at 1267 ("The definition[] require[s] only that the predicate offense . . 'prohibit[s],' U.S.S.G. § 4B1.2(b), certain activities related to controlled substances." *Id.*

Riley's claim is foreclosed by the prior precedent rule and *Smith.* His prior conviction under § 893.13 falls within the plain meaning of the Guidelines. *See id.* at 1267–68. His conviction for possessing cocaine was a felony punishable by up to 30 years' imprisonment. *See* Fla. Stat. § 775.082(3)(b)(1). As such, under the definition of a "controlled substance offense" in the Sentencing Guidelines, Riley's prior conviction was an offense under state law, punishable by a term of imprisonment exceeding one year, and concerned the distribution, dispensing, or the possession with intent to distribute or dispense of a controlled substance. *See*

U.S.S.G. § 4B1.2(b). Because Riley's prior conviction falls within the Guidelines' definition, it was a predicate controlled substance offense. *See Smith*, 775 F.3d at 1267-68. Riley is unable to show that an error occurred, and therefore, he would lose even if we reviewed his claim *de novo.* Thus, the district court correctly found Riley's 2011 conviction supported his career offender status, and we affirm in this respect.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**